## 52229. KING v. THE STATE.
## 52230. KROPP v. THE STATE.

PANNELL, Presiding Judge.

The defendants were indicted for possession of marijuana in violation of the Georgia Controlled Substances Act. Both defendants moved to suppress the evidence against them. The trial judge overruled their

motions. The defendants were convicted, sentenced to twelve months probation, and fined $200. They appeal the judgment of conviction and sentence.

1. Appellants urge error in the trial court's overruling their motions to suppress. They contend that the affidavit, supporting the issuance of the search warrant was based on double hearsay and that the reliability of the two sources was not established. The affiant was a police officer. His affidavit to the magistrate stated in pertinent part the following: "Within the past five days affiant was contacted by a reliable source who stated that it had been contacted by a second source. The first source has demonstrated its reliability by giving law enforcement officers information on three occasions in the past, leading to the issuance and execution of search warrants, recovery of drugs, and the arrest of drug offenders. The source is also believed to be reliable because it is regularly employed, demonstrated a truthful demeanor when relating the information, known to affiant personally for one year and known it to be truthful, admitted participation in crime, namely the use of drugs which is affiant's experience a person will generally not do unless telling the truth, and the detail stated by the source indicates personal knowledge of what it is talking about. The second source is believed to be reliable because it had no known reason to lie to the first source and because it was involved in the same crime with the first source when the second source gathered the information, namely the purchase and use of LSD. The second source is also believed to be reliable because it had no knowledge that the first source would give the information to law enforcement officers.

"At the time of the above mentioned conversation between affiant and the first source, the first source stated that within seven days prior to January 22, 1975 it had been with the second source and had gone to the above described premises where it observed the second source go into the above described apartment and return with LSD. The first source stated that both it and the second source have gone to the above described apartment on three different occasions within the past seven days prior to January 22, 1975 and that the second

source has entered the apartment and returned with LSD on all three occasions and given it to the first source. On two of those occasions the first source has subsequently given the LSD it obtained from the second source to affiant and on the third occasion the first source stated that it was obligated to take the LSD purchased at the above described premises."

"Where the hearsay of an informer is relied upon, the affidavit must meet two tests: (1) the reasons for the informer's reliability must be furnished and (2) it must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Dugan v. State,* 130 Ga. App. 527, 528 (203 SE2d 722). The affidavit in the present case gives sufficient reasons to establish the reliability of the first source. See *Jackson v. State,* 130 Ga. App. 6 (202 SE2d 206). Further, the affidavit stated how the first source obtained his information. He stated that he had gone to the apartment on three occasions within seven days prior to January 22, 1975; his companion had entered the apartment and returned with LSD on all three occasions. This was sufficient to satisfy the second requirement of showing how the informer obtained his information. See generally *Burns v. State,* 119 Ga. App. 678, 683 (168 SE2d 786). Once the affidavit states how the informant obtained his information, a detailed description of the criminal activity so as to exclude mere rumor or suspicion is not necessary. *Tomblin v. State,* 128 Ga. App. 823 (198 SE2d 366). Appellants contend that the affidavit was insufficient to show the reliability of the second source. This argument is without merit because the reliability of the second source was not involved in establishing probable cause for the issuance of the search warrant. The affidavit did not recite anything told the first source by the second source; rather, the knowledge of the first source was based on observations of the second source. Thus, there was no need to establish the reliability of the second source.

2. Appellants urge other grounds upon which the

evidence should have been suppressed. These grounds were not argued at the trial level and cannot be raised for the first time on appeal.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 22, 1976 — REHEARING DENIED JULY 8, 1976 —

*Augustine & Sullivan, Edward E. Augustine, W. Crisler Calhoun,* for appellants.
*Ken Stula, Solicitor,* for appellee.