## 61736. MOORE v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for the sale of marijuana. *Held:*

1. In three enumerations the defendant claims error because the trial court refused to permit the state's witness who purchased the marijuana from divulging the identity of his confidential informant.

The state's evidence showed that a person identified as a confidential informant took a Georgia Bureau of Investigation agent to defendant, introduced them, and the agent purchased the marijuana in question from defendant. Defendant's counsel attempted three times to get the agent to either tell who the informant was or to admit that it was Tony Holcomb but was prevented from doing so by the trial court's rulings made on objections by the state that the answers would reveal the identity of the informant. Subsequently, however, the agent admitted that Tony Holcomb was present and that he heard conversation between the defendant and Holcomb when he purchased the marijuana.

Defendant testified denying commission of the offense. He also stated that Tony Holcomb, whom he knew well, was with the agent at the time of the alleged sale and that Holcomb took away a bag of marijuana he had left with defendant on the preceding day. Defendant obtained an overnight recess in order to call Holcomb as a witness but, without explanation, did not do so. Defendant's counsel in argument to the jury also stated that he didn't "think there is a member of this jury that doesn't think and know that Tony Holcomb was the confidential informant."

We find no error under these circumstances, as defendant was well aware at trial of the identity of the person he now complains he was prevented from discovering. See *Welch v. State,* 130 Ga. App. 18 (3) (202 SE2d 223).

2. The two remaining enumerations complain of the trial court permitting the state's attorney to question defendant about prior use and possession of marijuana, claiming it placed defendant's character in issue. We find no merit in this claim. No authority is cited in support and this ground was not raised as a basis for objection

at trial. " 'A reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below.' [Cits.]" *Downs v. State,* 145 Ga. App. 583 (3), 587 (244 SE2d 109).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1981.

*Calvin A. Leipold, Jr.,* for appellant.

*W. Bryant Huff, District Attorney, Gerald Brown, Assistant District Attorney,* for appellee.