## 63032. FORD v. THE STATE.

QUILLIAN, Chief Judge.
Defendant appeals his conviction for violation of the Georgia Controlled Substances Act by selling cocaine. The facts are set forth in the companion case of *Gaither v. State,* 160 Ga. App. 705. *Held:*

1. During the presentation of its evidence the state was permitted to play a tape recording of a telephone conversation between a confidential informant and defendant setting up the alleged sale of drugs. The evidence was presented over objections that one of the speakers was not identified and that there was no showing

that the conversation was made freely and voluntarily by both parties. Defendant enumerates as error the playing of the recording and the subsequent refusal of the trial court to admit into evidence the tape itself for submission to the jury.

There was no error in permitting the tape to be played as the evidence shows that the foundation required by *Solomon, Inc. v. Edgar,* 92 Ga. App. 207 (88 SE2d 167), was met.

Defendant's argument that the tape should not have been played to the jury because no warrant had been obtained in accordance with Code Ann. § 26-3004 is without merit as these objections were not raised at trial. Alleged grounds for the exclusion of evidence cannot be raised for the first time on appeal. *King v. State,* 139 Ga. App. 246 (2) (228 SE2d 172); *Collins v. State,* 146 Ga. App. 138 (1) (245 SE2d 488). Moreover, where, as in this case, one party to a telephone conversation directly in furtherance of a crime, consents to the recording of the conversation, no warrant is required. Code Ann. § 26-3006 (Ga. L. 1968, pp. 1249, 1333); *Cross v. State,* 128 Ga. App. 837 (2) (198 SE2d 338); *Mitchell v. State,* 239 Ga. 3 (1) (235 SE2d 509).

Also without merit is defendant's enumeration that the court erred in not admitting the tape itself after the recording was played to the jury. The tape was excluded on defendant's objection and its admission would have added nothing as the contents of it were already before the jury.

2. The trial court did not err in failing to require the disclosure of the identity of the confidential informant. The defendant testified that he knew who the informant was, had known him for 17 years, and stated his name several times. "We find no error under these circumstances, as defendant was well aware at trial of the identity of the person he now complains he was prevented from discovering. [Cit.]" *Moore v. State,* 158 Ga. App. 342 (280 SE2d 170).

3. The trial court's failure to charge on the defense of entrapment was not error. The charge was not requested nor was entrapment in issue, as defendant denied the commission of the offense. See *Sullivan v. State,* 139 Ga. App. 640 (1) (229 SE2d 119).

The contention that the trial court erred in not requiring a hearing to disclose the identity of the informant so that defendant and his counsel could decide whether to use the defense of entrapment has no merit. The defendant knew who the informant was, and defendant's testimony denying the commission of the crime forecloses consideration of any such contention.

4. The fourth enumeration asserts error because defendant's character was improperly placed in issue by the testimony of two police witnesses and a comment made by the district attorney.

Pretermitting whether defendant's character was placed in issue, there is no merit in this enumeration as no objection was made on this basis at trial. Such objections not raised at trial cannot be raised on appeal. See cases cited in the first division of this opinion.

5. Defendant claims error because no transcript was made of the district attorney's alleged prejudicial closing argument. Code Ann. § 27-2401 does not require that such a transcript be made, and there is nothing in the record to show that defendant requested that one be made. Code Ann. § 6-805 (f); *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779). Therefore, there is nothing for us to rule on. *Montgomery v. State,* 140 Ga. App. 286 (2) (231 SE2d 108).

6. There was no error in the trial court failing to sever defendant's trial from that of the co-defendant, as the record shows that no request or motion for severance was made by defendant. A motion for severance was made by the co-defendant but defendant has no standing to raise it on appeal. *Ingram v. State,* 137 Ga. App. 412 (2) (224 SE2d 527).

7. The remaining enumeration claims that defendant was denied effective assistance of counsel because his counsel did not elect to investigate or raise the defense of entrapment. There is nothing in the record to support this assertion. To the contrary, defendant's testimony denying his commission or presence at the scene of the offense left his counsel with no evidence upon which to base such a defense. See Third Division, supra. We find no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 19, 1981.

*Thomas L. Murphy,* for appellant.
*Robert E. Wilson, District Attorney, Ann P. Mitchell, Assistant District Attorney,* for appellee.