## 63066. MOTES v. THE STATE.

Deen, Presiding Judge.

1. The appellant and two other inmates of a correction facility were indicted for sexual assaults allegedly committed on the inmate victim Tierney. Motes' trial resulted in acquittal on one count and conviction on two counts of aggravated sodomy. The victim's testimony as to the two occurrences of which the defendant was convicted was circumstantial and was supported by that of another prisoner in the "bull pen." The latter witness, who was also abused, reported the facts to a peace officer who had the named victim examined by a doctor. Scratches and other physical evidence supported the testimony that assaults had occurred. The evidence was ample to convince a rational trier of fact that the appellant, as well as his two co-indictees, was guilty of the offenses. The motion to direct a verdict of acquittal was properly overruled.

2. The trial court instructed the jury in substance in line with the holding in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) *that a person will not be presumed to act with criminal intent, although a jury may after examination of all the circumstances of the case, find that such intent existed.* He also gave them proper instructions on the presumption of innocence, on the state's burden of proving each element of an offense beyond a reasonable doubt, that a crime involves a joint operation of act and intent or criminal negligence, that the acts of a person of sound mind are presumed to be the product of his will but this may be rebutted, etc. He then correctly stated that intent may be inferred from proven circumstances, or by acts and conduct, or presumed when it is the natural and necessary consequence of the act. Taken as a whole the instructions were full and fair. They did not suffer from the vice pointed out in Sandstrom that the charge on presumption of intent from a voluntary act might be understood by the jury to be a conclusive presumption, and it was unnecessary to repeat without request the phrase italicized above. Cf. *Moses v. State,* 245 Ga. 180 (263 SE2d 916) (1980).

3. The remaining enumeration of error complains that the court should have instructed the jury without request that if they found the victim Tierney had in fact consented to the acts perpetrated upon him by the defendant he could not be convicted without corroborating evidence, being then an accomplice to the act. Modern criminal law is generally in sex crimes such as rape or incest abandoning the requirement that the testimony of a consenting partner or victim must be corroborated. *Baker v. State,* 245 Ga. 657 (5), 664 et seq. (266 SE2d 477) (1980) (involving incest), and see

Consent as Defense in Prosecution of Sodomy, 58 ALR3d 636.

Accordingly, as we understand *Baker,* all sex crimes will no longer be held to meet the requirement of Code § 38-121 that the testimony of an accomplice must be corroborated except where the statute defining the offense specifically mandates otherwise. Under this view the testimony of a consenting partner to a sexual offense needs no corroboration. We must therefore overrule *Babb v. State,* 157 Ga. App. 757 (1) (278 SE2d 495) (1981), *Aimar v. State,* 116 Ga. App. 204 (156 SE2d 367) (1967) and any other cases indicating that corroborative testimony must be introduced in cases involving consenting partners in order to convict of the offense of sodomy.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Daniel J. Sammons,* for appellant.

*Jeff C. Wayne, District Attorney, Patrick F. McMahan, Bruce L. Udolf, Assistant District Attorneys,* for appellee.