### 64813. MASSEY v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of simple sodomy and appeals on the general grounds. He argues that since simple sodomy is a consensual act, the other person involved was an accomplice whose testimony was not corroborated as required by OCGA § 24-4-8 (Code Ann. § 38-121). This contention is without merit, for "the testimony of a consenting partner to a sexual offense needs no corroboration." *Motes v. State,* 161 Ga. App. 173, 174 (3) (288 SE2d 256) (1982). Further, appellant testified and admitted committing sodomy, and our Supreme Court has held that " 'a confession alone is sufficient to corroborate the testimony of an accomplice, so as to support a verdict of guilty.' " *Sims v. State,* 229 Ga. 33, 34 (189 SE2d 68) (1972). See also *Jackson v. State,* 153 Ga. App. 462, 463 (4) (265 SE2d 368) (1980). Thus, the evidence was sufficient to support the verdict and meet the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 7, 1983.

J. Gene Greene, for appellant.
Darrell E. Wilson, District Attorney, David P. Soulis, Assistant District Attorney, for appellee.