## 67720. LAMB v. THE STATE.

BIRDSONG, Judge.

Gregory Lamb was convicted of rape and aggravated sodomy. He was sentenced to serve concurrently fifteen years on each count. He brings this appeal enumerating two alleged errors. *Held*:

1. In his first enumeration of error, Lamb complains that the trial court prejudicially allowed certain hearsay evidence. The facts show that the victim had been in the company of the appellant for about two hours during which time the asserted crimes had occurred. When Lamb and the victim later returned to Lamb's house, the victim did not make an immediate outcry to anyone present though there were several people there celebrating a birthday. After a period of time elapsed, the victim managed to get alone with a friend and finally showed the friend certain bruises on her neck which resulted, she alleged, from choking by the appellant and complained that she (the victim) had been raped by Lamb. The State asked this witness: "Was [the victim] at all reluctant to tell what had happened? A. Yes. Q. Did she ever tell you why? A. She was scared."

At this point, objection was made on the ground that what the victim told the witness was hearsay. The State sought to introduce the evidence to explain the subsequent conduct of the witness and not to establish the truth of anything said by the victim. The trial court then allowed further evidence of this nature without objection by appellant's counsel. "Q. After she had been reluctant to tell what had happened, did you and her have a talk at the hospital? A. Yes. Q. About what? A. I talked with her about taking it on and prosecuting, going ahead and signing out a warrant. Q. Why is that? A. Because after I talked to the women from the Rape Crisis Line I felt that he should be convicted."

We note in the first instance that appellant did not pursue the objection and did not move for corrective or cautionary instruction nor did he move for a mistrial. Secondly, we note that the State was attempting to show that the victim outwardly was reluctant to complain of the assault and to explain what action was taken by this witness in persuading the victim to pursue the matter with the police. There was evidence that both the victim and this witness left the house after the victim complained of the rape and were pursued by appellant for approximately an hour, both being apprehensive for their safety. Lastly, the trial court allowed the evidence for the jury's consideration for the limited purpose of explaining the witness' subsequent actions and informed the jury that they could not consider the statement for the truth thereof. Upon cross-examination of this witness, appellant's counsel further inquired into the conversation at the hospital. At no time did the witness state in words to the effect, "The

victim told me she was fearful and that was why she hesitated to complain." Later, the victim herself gave as her reason for not complaining immediately of the indignity against her person both her fear and her embarrassment and a general reluctance to discuss such a matter with someone she barely knew.

As we view these circumstances, any one of several reasons existed for the trial court to allow this evidence. Conversation and acts are admissible to explain conduct and such is not considered hearsay. *English v. State*, 234 Ga. 602 (4) (216 SE2d 851); *Lundy v. State*, 130 Ga. App. 171, 174 (202 SE2d 536). Moreover, appellant subsequently addressed the evidentiary matters with this witness to which he had earlier objected. This likewise removes any basis for an argument of harmful error. *Holmes v. State*, 148 Ga. App. 817 (1) (253 SE2d 237). A mere objection to improper evidence, without more, is not sufficient to require the consideration for or grant of a mistrial. *Holt v. State*, 147 Ga. App. 186 (5) (248 SE2d 223). See *Grice v. State*, 224 Ga. 376 (1) (162 SE2d 432). Even if we were to consider the evidence or portions of it inadmissible, nevertheless, its admission becomes harmless as being cumulative to other identical evidence admitted without objection. *Glass v. State*, 235 Ga. 17 (2) (218 SE2d 776). There is no merit in this enumeration.

2. In his second enumeration, Lamb complains the trial court erred in refusing to give an instruction on simple battery as a lesser included offense. He argues that the jury could believe that he assaulted the victim and then desisted, with the consensual sodomy and sexual intercourse following. The problem with Lamb's argument is that he expressly denied ever assaulting the victim in any manner. He contended that the marks on her throat were the product of kissing during the voluntary sexual act. The State contended that the choking was the final act of violence that caused the victim to fear for her life and to give up further resistance to appellant's sexual advances. The jury was presented therefore with the clear issue distinction between no assault and a consensual intercourse or an assault of sufficient severity attendant to the crime of rape to cause the victim to surrender without further resistance because of fear of her safety. Because there was not even slight evidence of the lesser included offense, the trial court correctly refused to give the charge, even though it may have been requested in legally correct language. *Gillespie v. State*, 236 Ga. 845, 847 (225 SE2d 296).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 26, 1984.

*Andrew J. Ryan III*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant*

*District Attorney*, for appellee.