## 68258. SCALES v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, David Scales, appeals his conviction of the offenses of incest with his 15-year-old daughter, sodomy with the same 15-year-old daughter, and child molestation of his 12-year-old daughter. The jury was unable to reach a verdict as to another count of incest with a different 15-year-old daughter and a mistrial was declared as to that count. *Held*:

1. The trial court did not err in overruling defendant's Motion for a New Trial on the general grounds. The evidence was sufficient for a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The second enumeration alleges it was error for the court to fail to charge the jury that corroboration would be required to warrant a conviction for the offenses of incest, sodomy, and child molestation. We find no error. The statutes involved, Code Ann. §§ 26-2002 (now OCGA § 16-6-2), 26-2006 (now OCGA § 16-6-22), and 26-2019 (now OCGA § 16-6-4), do not contain a requirement for corroboration. Cases which engrafted such an additional element were reversed by *Baker v. State*, 245 Ga. 657 (5) (266 SE2d 477). Therein the Court agreed that the modern trend was to eliminate any corroboration requirement in prosecution of cases dealing with criminal sexual conduct. 245 Ga. at 666. "A conviction for incest may be based upon the uncorroborated testimony of the prosecuting witness, if the testimony is sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt." 245 Ga. at 666. No corroboration has

been required for a conviction of child molestation. *Page v. State*, 120 Ga. App. 709 (3) (172 SE2d 207); *Young v. State*, 125 Ga. App. 204 (2) (186 SE2d 805); *Baker v. State*, 245 Ga. 657, 666, supra. This court has also found that there was no requirement for corroboration in a conviction for the offense of sodomy. *Clardy v. State*, 87 Ga. App. 633, 639 (6) (75 SE2d 208); *Motes v. State*, 161 Ga. App. 173 (3) (288 SE2d 256); *Massey v. State*, 165 Ga. App. 67 (299 SE2d 148).

3. Defendant's next door neighbor apparently departed for parts unknown after advising defendant he had impregnated his daughter and wanted to marry her. Defendant requested funds for employment of an investigator to attempt to locate this person. It was refused. Granting or denying a motion for funds to employ an investigator is within the sound discretion of the trial court, and will not be reversed on appeal absent abuse of that discretion. *Crenshaw v. State*, 244 Ga. 430 (2) (260 SE2d 344). We have found no abuse of discretion.

4. After the jury had returned its verdict, counsel for defendant stated "that during the period of time that the trial was going on and this wasn't mentioned until after the jury had retired, was that apparently, the three prosecuting witnesses, the three Scales girls, were all — while they were supposed to be sequestered, they would leave the room where they were and go to the bathroom together or go elsewhere together, talking among themselves." He contended this was a violation of the rule of sequestration. No attempt was made to call the three girls as witnesses to find out if these acts occurred and when they occurred — before, after, or during their testimony, and what was said — if anything, regarding their testimony. " 'The trial judge is vested with broad discretionary powers in administering the rule of sequestration, which will not be controlled unless manifestly abused [Cit.] . . . Disobedience of a sequestration order may subject the offender to punishment for contempt or may affect his credit, but does not render the witness incompetent to testify, or disqualify his testimony. [Cits.]" *Cobb v. State*, 244 Ga. 344 (28) (260 SE2d 60). All three of the girls had testified that they had discussed among themselves, before trial, what had happened with their father. The trial was over and the verdict was recorded when this allegation of error was first raised. The court had very few options. We find no error in the refusal of the court to grant a mistrial after the trial was over on the basis that three of the witnesses, who had thoroughly discussed their testimony before the trial, might have discussed it during the trial. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315). We find no abuse of discretion. *Blanchard v. State*, 247 Ga. 415 (12) (276

SE2d 593).

5. The remaining enumeration of error regarding refusal of the trial court to permit hearsay testimony is without merit. See *Momon v. State*, 249 Ga. 865 (294 SE2d 482).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*W. Franklin Freeman, Jr.*, for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.