## 75845. WEEKS v. THE STATE.
### (370 SE2d 344)

McMurray, Presiding Judge.

Via three count indictment, defendant was accused of molesting three children (all under the age of 14 years) by touching them in the vaginal area with the intent to satisfy his sexual desires. The indictment stemmed from an investigation which began when a neighbor's child (the victim in Count 1) told her mother that defendant bothered her. Asked to elaborate, the child said defendant "sticks his finger in me." Defendant was convicted of molesting two of the children (his stepdaughter, the victim in Count 2, and the neighbor's child, the victim in Count 1) and he appeals. *Held*:

1. Error is enumerated upon the general grounds. Defendant's evidence at trial shows the following: Defendant is confined to a wheelchair as a result of a diving accident. He is paralyzed from the upper chest down and must be helped with his day to day activities. He cannot open his fingers or straighten his thumbs without assistance and he has no tactile sensation whatsoever below the wrists. Using two hands, however, defendant can drink from a cup and write his name. He can also drive a vehicle which has been adapted to his condition.

Defendant married his nurse and he became a father figure to her three children. He admitted that he assisted his stepdaughter when she showered by drying her vaginal area with a towel. He also stated that he doctored his stepdaughter's vagina with baby oil when she had a rash. Conceding that his conduct may have been inappropriate, defendant denied any sexual intent. He also denied that he ever touched the vaginal area of the neighbor's child.

Defendant's stepdaughter testified that defendant never touched her vagina. She denied telling the police that he did. A police detective testified, however, that when he first interviewed the stepdaughter she told him that defendant used baby oil to rub her vagina when she had a rash and that she had a rash about once a week. The detective testified further that the stepdaughter said defendant put his finger inside her vagina; that she told defendant to stop doing that because it hurt her; and that defendant did not stop even though she wanted him to. Finally, the detective testified that the stepdaughter said that defendant sometimes helped her friend (the neighbor's child, the victim in Count 1) with a rash.

The neighbor's child (the victim in Count 1) averred that defendant touched her on the vagina "a lot." She said defendant did that

when she napped or slept at his house. In this regard, the neighbor's child (the victim in Count 1) testified that she slept in defendant's room with defendant's stepdaughter; that defendant told her to sleep on the right side of the bed; that defendant would enter the room in his wheelchair when she slept or pretended to be asleep; that he would put his right hand inside her pants and panties; and that he would put his finger inside her vagina.

Several health care professionals called on behalf of defendant opined that defendant was practically incapable of molesting the neighbor's child (the victim in Count 1) in the way she described. And defendant's physician testified that defendant could not be gratified sexually by touching someone with his hands. (He did concede, however, that defendant could be stimulated sexually by using his other senses.)

In light of the foregoing testimony, we find that the evidence was sufficient to enable any rational trier of fact to find defendant guilty of molesting the neighbor's child (the victim in Count 1) and his stepdaughter beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The convictions stand properly upon the testimony of the neighbor's child (the victim in Count 1) and the prior inconsistent statements of the stepdaughter. *Scales v. State*, 171 Ga. App. 924 (321 SE2d 764); *Brown v. State*, 175 Ga. App. 246 (1) (333 SE2d 124). Corroboration is not required for a conviction of child molestation. *Scales v. State*, 171 Ga. App. 924 (2), supra.

Relying upon *Brown v. State*, 175 Ga. App. 246, supra, defendant argues that his conviction for the molestation of his stepdaughter cannot pass muster because a conviction cannot rest upon prior inconsistent statements alone. In *Brown*, this court stated that the victim's prior inconsistent statements "coupled with the other evidence adduced at trial" was sufficient to authorize appellant's conviction. *Brown* did not hold, however, that corroborative evidence must be adduced at trial in order to sustain a conviction based on prior inconsistent statements. Indeed, such a holding would fly in the face of *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717), in which the Supreme Court held that prior inconsistent statements of a witness constitute *substantive* evidence which the jury can credit or not as it sees fit.

2. After the neighbor's child (the victim in Count 1) took the stand, a juror handed a note to the court which read: "I do not know [the neighbor's child]. However, my son is in first grade at [her school]. I do not feel this would prejudice me in this case. My concern is for future contact I or my son may have with her." Questioned by the court, the juror stated that she did not know the neighbor's child and never heard her son speak about the child. She said her only concern was with the feelings she might have towards the child if she came into contact with her. Repeatedly, the juror stated that she

could remain fair and impartial and that her concern would not affect her ability to try the case justly.

Following the court's inquiries, defense counsel objected to the juror and asked that she be excused. He opined that the juror could not be fair in view of her concern about contact with the child. The court overruled the objection and stated that unless defendant was willing to accept an 11 member jury, the juror would remain on the panel. Defense counsel insisted on defendant's right to have his case heard by 12 jurors. The court reiterated its ruling: The juror was fair and impartial, and therefore, the jury was composed of 12 unbiased jurors. Thereupon defense counsel stated: "[I]f that's the holding of the Court, then we're going to ask the Court to excuse this juror and allow us to go with eleven." The court responded: "I'm going to proceed on with these twelve jurors. . . . I don't think you can have it both ways. I don't think you can say we want twelve and then say now the Court has given me my right to twelve fair and impartial jurors; now I want eleven and I don't like what she says and so forth and other matters. . . . Now, if you want to come back and re-evaluate your position and withdraw any objection to the juror as we have discussed earlier, then that'll be a different posture . . . ."

At that point, defendant counsel withdrew his objection to the juror and announced that defendant would "proceed with eleven." The trial court replied: "Yes, sir. Well, again, for the record, if you withdraw an objection, that's a waiver of this . . . as far as this Court is concerned, it's a waiver of your twelve-person jury; and again, I do not feel the trial Court should be put in this situation. So, if you waive it, you waive it; and that's fine, Mr. Garner. We'll proceed on with eleven, but I do want the record to clearly show that as far as the Court is concerned, this is affirmative, knowing, intelligent and voluntary waiver by counsel and by the accused to a twelve-person jury. Is that correct, Mr. Garner?" Defense counsel agreed with the trial court's assessment.

Thereupon, the State expressed its concern that defendant would raise the issue on appeal and the following colloquy ensued: "THE COURT: Well, Mrs. Turner, I'm satisfied, that he has made an affirmative waiver here in the record of a twelve-person jury and now seeks to have [the juror] excused after an affirmative waiver of a twelve-person jury knowingly and intelligently. Is that correct, Mr. Garner? . . . MR. GARNER: Judge, we are satisfied to go forward at this time with eleven people. We understand that we have a right to hold out for twelve. We are satisfied to go forward with eleven. THE COURT: . . . Do you waive any objection to proceeding now with eleven jurors in the absence of [the juror]? Yes or no, Mr. Garner? MR. GARNER: We waive the objection, Judge. THE COURT: Thank you . . . All right, I'm going to bring the jury back in and go ahead and excuse

[the juror] by consent of the accused and counsel. Do you consent to this juror being excused, Mr. Weeks? THE DEFENDANT: I'll have to go along with what my counselor says. THE COURT: All right, sir. So you do then, is that correct sir? MR. WEEKS: I'll go along with what my counselor says. THE COURT: The Court is going to rely on statements of counsel in this matter. You waived it, Mr. Garner, on behalf of your client here in open court."

In his second enumeration of error, defendant contends the trial court erred in proceeding with eleven jurors in the absence of a personal, knowing, intelligent and voluntary waiver by defendant. We disagree.

Defendant was present when his counsel waived his right to be tried by a jury of twelve and he clearly acquiesced in his counsel's decision. Although it may have been better for the trial judge to have questioned defendant to determine whether he recognized the effects of a waiver, it was unnecessary for him to do so. *Hudson v. State*, 250 Ga. 479, 482 (299 SE2d 531). "Counsel for the accused may validly waive this right [to a jury of twelve] for him if (1) the waiver is made, without objection, in the accused's presence or (2) the accused otherwise acquiesces in the waiver." Id. at 484.

3. During the trial, the assistant district attorney posed several hypothetical questions to a social worker on cross-examination. Defense counsel objected to the questions on the ground that they did not accurately set forth the facts adduced at trial. The objections were overruled and the questions were answered. In his third enumeration of error, defendant now argues the trial court erred in permitting the social worker to answer the hypothetical questions because they called for legal opinions which were not within the social worker's field of expertise. Inasmuch as this argument was not presented in the trial court, it cannot be considered on appeal. *King v. State*, 139 Ga. App. 246, 248 (2) (228 SE2d 172); *Davis v. State*, 172 Ga. App. 787, 789 (4) (324 SE2d 767).

4. On direct examination, the State asked an expert witness whether there were any statistics concerning the percentage of children who lie in child molestation cases. Defendant's objection to the question was sustained. Thereafter, on cross-examination, defendant asked the expert to agree that no empirical evidence supported the view that "children never lie about sexual abuse." The expert would not agree — she averred that there were a number of studies to the contrary. Then, on redirect, the State asked about the statistical data to which the expert made reference. Over objection, the expert was permitted to testify that, according to one study, no more than two or three children per thousand have been found to fabricate child molestation claims.

Defendant contends the trial court erred in allowing the expert to

testify about the results of the study. This contention is without merit. Defendant opened the door to this testimony when he questioned the expert about empirical studies on cross-examination. Thus, if the admission of this testimony was error, defendant has no grounds for complaint. *Cargill v. State*, 255 Ga. 616, 637 (22) (340 SE2d 891); *Perryman v. State*, 244 Ga. 720 (2) (261 SE2d 588). See also *Lamb v. State*, 171 Ga. App. 350, 351 (1) (319 SE2d 520).

5. The trial court did not err in permitting the State to cross-examine defendant's character witnesses by the use of hypothetical questions which were based on facts admitted in evidence. *Mathis v. State*, 175 Ga. App. 127 (4) (333 SE2d 10). Defendant's fifth enumeration of error is not meritorious.

6. The investigating officer testified that after defendant was advised of his constitutional rights he "declined to make a statement without an attorney being present." Defendant contends it was error to allow the investigating officer to so testify. We are unable to consider this contention since no objection to the testimony was interposed at trial. *Merritt v. State*, 157 Ga. App. 34 (2) (276 SE2d 258).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1988 —
REHEARING DENIED MAY 10, 1988 — 

*Donald F. Samuel*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra Turner, Assistant District Attorney*, for appellee.