A89A0571. HOWARD v. THE STATE.
(382 SE2d 149)

McMURRAY, Presiding Judge.
Defendant was indicted for kidnapping and child molestation. The evidence at a jury trial demonstrated that defendant met the victim, an 11-year-old child, at about 4:00 in the afternoon on February 7, 1988, at a convenience store located near the victim's home. The victim left the store with defendant and defendant forced the victim

against her will across a highway and into bushes "behind some people's houses" and committed acts which constitute child molestation as defined in OCGA § 16-6-4. Defendant was found guilty on both counts of the indictment and this appeal followed. *Held*:

1. In his first four enumerations of error, defendant asserts the general grounds and argues that the victim's uncorroborated testimony is insufficient to support his conviction. This contention is without merit. "Corroboration is not required for a conviction of child molestation. *Scales v. State*, 171 Ga. App. 924 (2) [(321 SE2d 764)]." *Weeks v. State*, 187 Ga. App. 307 (1), 308 (370 SE2d 344).

In the case sub judice, the victim testified and gave a detailed account of how defendant forced her across a busy highway and into bushes and committed acts which constitute child molestation as defined in OCGA § 16-6-4. The victim's sister and a convenience store clerk corroborated much of the victim's testimony. Physical evidence discovered in the victim's clothing shortly after the incident indicated that the victim had been earlier disrobed in an outside area similar to the area described by the victim as the area of the incident. This evidence and evidence showing that defendant attempted to elude law enforcement officers before his arrest was sufficient to support the jury's finding that defendant was guilty, beyond a reasonable doubt, of kidnapping and child molestation. *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560). See *Weeks v. State*, 187 Ga. App. 307 (1), supra.

2. Lastly, defendant contends the "trial court erred in denying [his] amended motion for new trial because [defendant's] due process rights were harmed beyond a reasonable doubt by the prosecutor's use of [defendant's] post-arrest silence for both impeachment purposes and in rebuttal."

The trial transcript reveals that no objection was made to the challenged cross-examination of defendant. Consequently, it is now too late to urge such an objection. *Bailey v. State*, 249 Ga. 535, 539 (4) (291 SE2d 704).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 27, 1989.

*Lori C. Obenauf*, for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Thomas J. Matthews, Assistant District Attorneys*, for appellee.