## A91A1225. SNYDER v. THE STATE.
(411 SE2d 524)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of sodomy, solicitation of sodomy, and simple battery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant submitted a written request to instruct the jury on the necessity for corroboration "where the only witness is an accomplice. . . ." OCGA § 24-4-8. The trial court's refusal to give this request is enumerated as error.

In *Motes v. State*, 161 Ga. App. 173 (3) (288 SE2d 256) (1982), it was held that, notwithstanding the provisions of OCGA § 24-4-8, no corroboration would be necessary to secure a conviction for sodomy, even in the case of victimless sodomy wherein the State's only witness consented to the proscribed act and became, therefore, an accomplice thereto. "[T]he testimony of a consenting partner to a sexual offense needs no corroboration. . . . [C]orroborative testimony [need not] be introduced in cases involving consenting partners in order to convict of the offense of sodomy." *Motes v. State*, supra at 174 (3). Appellant urges that *Motes* was wrongly decided and should be overruled.

We need not determine whether *Motes* should continue to have any viability in the case of victimless sodomy. Even assuming that an instruction on OCGA § 24-4-8 would be authorized in such a case, it would not be appropriate under the evidence here. The testimony of the 14-year-old victim did not demonstrate that he was appellant's

willing accomplice rather than appellant's unwilling victim. In appellant's own testimony, he did not implicate the victim as his accomplice, but he flatly denied his commission of either a willing or unwilling act of sodomy. There was no evidence to authorize a finding that the State's witness upon whom appellant had allegedly committed an act of sodomy was an accomplice to, rather than a victim of, that proscribed act. Thus, the giving of an instruction on OCGA § 24-4-8 would not be authorized.

2. Appellant's remaining enumeration of error also relates to the trial court's refusal to give a requested jury instruction. A review of the charge as given by the trial court demonstrates, however, that the jury was otherwise sufficiently and fairly apprised of the legal principle contained in appellant's refused request. Accordingly, this enumeration is without merit. See generally *Daniels v. State*, 184 Ga. App. 689, 690 (2) (362 SE2d 775) (1987).

*Judgments affirmed. Beasley and Cooper, JJ., concur.*

DECIDED OCTOBER 1, 1991 —
RECONSIDERATION DENIED OCTOBER 16, 1991.

*Paul S. Weiner*, for appellant.
*Robert E. Keller*, District Attorney, *Gregory K. Hecht*, Assistant District Attorney, for appellee.