## A91A1526. HICKEY v. THE STATE.
(415 SE2d 60)

BEASLEY, Judge.

Appellant, Tyrone Curtis Hickey, was convicted of burglary, OCGA § 16-7-1, and enumerates as error the admission of evidence of an independent crime.

Appellant was convicted of burglarizing Perry High School on September 2, 1987. He gained entrance by removing a windowpane in the principal's office. A latent palm print on it matched appellant's palm print. A small amount of money was stolen, and several tickets to a football game were taken from the bookkeeper's desk. The stolen tickets were identified, and individuals presenting them at the football game testified they bought them from appellant, who was not a student at the school.

Under USCR 31.3, the State filed notice of its intention to present evidence of four transactions: a burglary at Perry Elementary School on November 11, 1987; burglaries at Perry Middle School on September 24, 1987, and May 11, 1987; a burglary at the Houston County Vocational School on June 16, 1983. The court allowed only evidence of the elementary school burglary.

Witnesses testified that entrance to the elementary school was gained through breaking a classroom windowpane and unlocking the window. A VCR machine and tape were taken from the school library. Legible fingerprints were taken from the box which held the videotape, but these prints were not appellant's, and his fingerprints were not found at the scene. A personal check of a school employee payable to "SB & T" was taken from the secretary's desk, and three checks from the school's check ledger payable to a plumbing contractor were also taken. Appellant was arrested after attempting to cash the school employee's check, and he was charged with forgery. One of the school's checks to the plumbing contractor was found in his possession. Another check to the plumbing contractor was cashed at a food store in Perry, and appellant was identified as the person cashing that check. The two schools were approximately one-half mile from appellant's residence.

Appellant argues that the evidence was insufficient to establish that he was the perpetrator of the other crime and that there were insufficient similarities between it and the offense charged, so that it could not be said that proof of the former tended to prove the latter. The preconditions undoubtedly must be met. *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980).

Conceding that the State's evidence showed that he was in recent possession of the property`stolen from the elementary school, appellant maintains that the State failed to present evidence that he was the burglar. To the contrary, recent possession of stolen goods may raise an inference that the possessor is the one who stole the goods. *Thomas v. State*, 237 Ga. 690, 692 (II) (229 SE2d 458) (1976); see *Myles v. State*, 186 Ga. App. 817, 818 (2) (368 SE2d 574) (1988). "[T]he standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crime. [Cit.]" *Carter v. State*, 192 Ga. App. 726, 729 (8) (386 SE2d 389) (1989). There was sufficient circumstantial evidence that appellant perpetrated the other crime.

The following similarities connected the independent crime and the crime charged: both were burglaries of schools; the schools were within close proximity to each other and to appellant's home; the burglaries were committed within two months of each other; both burglaries were at night; the burglar gained entrance to the building through a window on each occasion; appellant was found to be in recent possession of the property stolen during each burglary.

The State's proof of the details of both crimes, and the manner in which they both were committed, evinced a sufficient similarity between the two so as to have warranted admission of evidence concerning the former crime at appellant's trial for committing the latter.

Finally, appellant argues that the independent crime was not relevant to an issue in the case, and that even if it was, the prejudicial impact outweighed the probative value. However, the two burglaries revealed a common plan, scheme, design, or modus operandi. See *Lyles v. State*, 215 Ga. 229, 234 (2) (109 SE2d 785) (1959); *Carter v. State*, supra; see generally *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991). By the independent crime, the appellant left what the jury could reasonably infer was a composite footprint which matched the one left by the perpetrator of the Perry High School burglary. Thus, there was a legitimate purpose for the proof of the independent crime. See *Williams v. State*, 261 Ga. 640, fn. 2 (409 SE2d 649) (1991). As in *Carter*, the prejudicial impact of this evidence did not outweigh its probative value.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 31, 1992.

*Bond & Zimmerman, Diane M. Zimmerman*, for appellant.
*Edward D. Lukemire, District Attorney*, for appellee.