## A93A1140. MORALES v. THE STATE.
(436 SE2d 528)

McMURRAY, Presiding Judge.

Defendant was indicted for child molestation (Count 1) and sexual battery (Count 2). The evidence adduced at a jury trial reveals that defendant, the 13-year-old victim's stepfather, entered the child's bedroom at about 2:00 in the morning; that defendant then placed his hand between the victim's legs and in the area of the child's genitals and that defendant fled when the child called out for her mother.

Defendant was found guilty of child molestation and not guilty of sexual battery. This appeal followed an order granting defendant's

motion for out-of-time appeal. *Held*:

1. Defendant first contends the victim's uncorroborated testimony is insufficient to support the jury's finding that he is guilty of child molestation.

Contrary to defendant's assertion, there is evidence other than the victim's testimony supporting the jury's verdict. However, assuming the contrary, "[c]orroboration is not required for a conviction of child molestation. *Scales v. State*, 171 Ga. App. 924 (2) [(321 SE2d 764)]." *Weeks v. State*, 187 Ga. App. 307 (1), 308 (370 SE2d 344). In the case sub judice, the victim's testimony that defendant entered her bedroom and touched the child's private area and evidence that the victim reported the sexual assault immediately after the crime is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871).

2. Next, defendant contends the trial court erred in admitting evidence of an alleged similar transaction without first making a threshold determination of admissibility as required by *Williams v. State*, 261 Ga. 640 (409 SE2d 649).

(a) In *Williams v. State*, 261 Ga. 640, 642 (2b), supra, the Supreme Court outlined the procedure to be followed before allowing evidence of prior criminal transactions.[1] "First, the trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3 (B) out of the presence of the jury. At this hearing the State must affirmatively show that (1) it seeks to introduce evidence of an independent crime or offense for an appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) the evidence is sufficient to establish that the accused committed the independent offense; and (3) there is sufficient similarity between the independent offense and the charged crime so that proof of the former tends to prove the latter. *Williams*, supra at 642 (2) (b). The trial court then must make and include in the record a determination that each of these elements has been satisfactorily shown by the State. Id." *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496).

In the case sub judice, the trial court conducted a hearing outside the presence of the jury and the State then offered proof that the victim's 19-year-old aunt, Lorena Guerrero, was sexually assaulted by defendant when she was 15 or 16 years of age. Specifically, Guerrero testified that she often visited her sister and defendant when they

---

[1] The case sub judice was tried before issuance of the opinion in *Williams v. State*, supra. However, the procedure outlined in *Williams* applies retroactively and thus controls. *Ramirez v. State*, 205 Ga. App. 217 (2) (422 SE2d 3); *Jefferson v. State*, 206 Ga. App. 544, 548, n. 1 (425 SE2d 915).

resided in Mexico and that during "one [such visit] when I asleep, I wake up because [defendant] is in the floor in the side [of my bed] on his knees . . . and I — I think he's touched me because I feel the — the fingers cold on my legs, and I wake up, and I told him, what are you doing, and he say he's looking for something. And then in the morning this — the same night, late in the morning, about 5:00 or 6:00, he's touched me right here (indicating [her shoulder]), but he's looking asleep, and I took it away, and I got in my cover and sat back, and then no more."

The trial court ruled that Guerrero's testimony was admissible as proof of a prior similar act and upon the return of the jury to the open courtroom instructed the jury the court was going to allow some testimony and that "the testimony . . . is admitted for a very limited purpose and that purpose is to the extent, if any, that it shows the plan, scheme, motive, bent of mind, or course of conduct of the defendant, if at all it does, and that will be in your own judgment, and it is admitted for that purpose and that purpose only." However, the trial court did not make a determination on the record that each of the elements enunciated in *Williams v. State*, supra, for admission of such evidence was satisfactorily shown by the State. Nonetheless, we find no harmful error as "the evidence presented by the State at the out-of-court hearing . . . was sufficient for the trial court to have concluded affirmatively on the record that each of the requirements of *Williams*, supra, had been satisfied. Compare *Jefferson v. State*, 206 Ga. App. 544 (4), n. 1 (425 SE2d 915)." *Wells v. State*, 208 Ga. App. 298, 299 (2a), 300 (430 SE2d 611). Specifically, Guerrero's testimony authorizes a finding that (1) the State sought to introduce evidence of the independent act, not to raise an improper inference as to defendant's character, but for the purpose of showing identity, scheme, course of conduct, motive and bent of mind; (2) that defendant committed the independent act and (3) that a sufficient similarity exists between the independent act and the crime charged so that the former tends to prove the latter. See *Jefferson v. State*, 206 Ga. App. 544, 547 (4), supra.

(b) Defendant also contends the prior transaction was not similar to the incident wherein he allegedly molested the victim. We do not agree.

The evidence adduced at trial reveals that defendant assaulted Guerrero in a manner similar to the sexual assault of the victim. Both incidents involved young teen-aged girls related to defendant by marriage and both incidents occurred in defendant's home during early morning hours while other members of the household were sleeping. Further, both the victim and Guerrero were approached by defendant while in bed sleeping, both girls were awakened by defendant's hand touching their legs and defendant withdrew in both situations after

the girls resisted. This proof "evinced a sufficient similarity between [the prior similar act and the crime charged] so as to have warranted admission of evidence concerning the former [act] at [defendant's] trial for committing the latter." *Hickey v. State*, 202 Ga. App. 636, 637 (415 SE2d 60).

3. In his final enumeration, defendant contends the trial court erred in charging the law of child molestation, arguing that the charge was "inflammatory, unnecessary, and [included] prejudicial vocabulary. . . ."

Defense counsel stated that he had no problem with the suggested instruction on child molestation during the charge conference and he stated that he had no exceptions to the charge when the trial court asked for exceptions after instructions to the jury. Further, after the trial court recharged on the law of child molestation, sexual battery and criminal attempt to commit child molestation pursuant to the jury's request, defense counsel stated that he had no exception to the recharge. Under these circumstances, " 'defendant has waived the right to raise the issue (of error in the charge) on appeal.' *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980)." *Busbee v. State*, 205 Ga. App. 533 (423 SE2d 3).

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Beasley, P. J., concurs in judgment only. Cooper and Blackburn, JJ., concur in part and dissent in part.*

BLACKBURN, Judge, concurring in part and dissenting in part.

I concur with Divisions 1 and 3 of the majority opinion. However, because the trial court did not follow the procedural requirements for admitting evidence of similar transactions provided in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), I believe the defendant's conviction must be reversed.

In *Williams*, the Supreme Court emphasized that before any evidence of independent offenses may be admitted, "*the state must make three affirmative showings* as to each independent offense or act it seeks to introduce. The first of these affirmative showings is that the state seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility.

"The second affirmative showing is that there is sufficient evidence to establish that the accused committed the independent offense or act. The third is that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.] After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, *the trial court must*

*make a determination that each of these three showings has been satisfactorily made by the state* as to that particular independent offense or act." (Emphasis supplied.) *Williams,* supra at 642.

Those procedures laid down in Uniform Superior Court Rule 31.3 (B) and *Williams,* which were designed to protect against the improper admission of character evidence, are requirements and not mere recommendations. Neither the State, the trial court, nor this court may ignore or only partially follow that mandate of the Supreme Court.

In the instant case, it is uncontroverted that the trial court did not comply with the procedural requirements of *Williams.* That omission may be understandable in light of the fact that the trial occurred several months before the Supreme Court's decision in *Williams.* However, this court has already decided that *Williams* must be applied retroactively. *Ramirez v. State,* 205 Ga. App. 217 (422 SE2d 3) (1992).

The majority opinion acknowledges that retroactive application of *Williams,* but then proceeds to avoid applying it to the instant case by concluding that the evidence was sufficient to meet the *Williams* requirements. In doing so, it misplaces any reliance upon *Wells v. State,* 208 Ga. App. 298 (430 SE2d 611) (1993), and *Jefferson v. State,* 206 Ga. App. 544 (425 SE2d 915) (1992), as each of those cases specifically noted that the defendant did not question the sufficiency of the trial court's compliance with *Williams.* This court did observe in *Jefferson* (in a footnote) and in *Wells* (in a reference to that footnote) that the evidentiary showing was sufficient under *Williams.* However, those observations were mere dicta, and did not purport to establish a rule with which to dodge *Williams.*

Another deficiency in the determination regarding the admissibility of the similar transaction evidence in this case was the trial court's failure to balance the relevance of the evidence with the prejudice it created. "It has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. [Cits.]" *Robinson v. State,* 246 Ga. 469, 470 (271 SE2d 786) (1980). However, as in the instant case, that rule has been honored more in its breach than by its observance.

In cases such as the instant one, the admission of evidence of similar transactions is often particularly needed to prove the current charge of child molestation. However, admission of such evidence is not automatic. USCR 31.3 (B) and *Williams* delineate procedural requirements that must be followed, and it places no onerous burden on the State for it to satisfy those requirements. The State failed to do so in this case, and the only appropriate remedy is reversal of the defendant's conviction.

Accordingly, I must respectfully dissent from Division 2 of the majority opinion.

I am authorized to state that Judge Cooper joins in this opinion.

DECIDED SEPTEMBER 28, 1993.

*Corinne M. Mull-Milsteen*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Anne G. Maseth, Assistant District Attorneys*, for appellee.

