A94A1697. CARR v. THE STATE.
(448 SE2d 33)

McMURRAY, Presiding Judge.

Defendant Carr appeals his conviction of three counts of child molestation and one count of aggravated child molestation. The victim of each offense was the same female child, who was ten years of age at the time of the trial. *Held*:

1. Defendant contends that the evidence was not sufficient to authorize his conviction. The indictment distinguished the separate offenses by designation of which body parts of defendant and victim were brought together in order to arouse and satisfy the sexual desires of defendant. The victim testified specifically that each of the combinations identified in the counts of which defendant was convicted did in fact occur. Corroboration of the victim is not required for conviction of child molestation. *Morales v. State*, 210 Ga. App. 414, 415 (1) (436 SE2d 528). A rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Morales v. State*, 210 Ga. App. 414, 415 (1), supra.

2. In his remaining enumeration of error, defendant contends the trial court erred in allowing the prosecution to present evidence of specific instances of prior criminal misconduct, thereby placing de-

fendant's character into issue, in order to impeach defendant's wife, contending that she testified about a wholly immaterial matter. Defendant's wife testified on his behalf and stated that defendant was a loving and attentive father, that she had not seen any child display fear of him, and that she had not observed anyone having any problems with defendant. The prosecuting attorney sought the consent of the trial court to present evidence that the wife had been present during a certain confrontation between defendant and one of his wife's children. In response to the prosecuting attorney's assertion that the wife's testimony had opened the door for evidence concerning the confrontation, defendant's trial attorney stated only that his questions concerning defendant's relationship with children was intended to address only defendant's children and that he had not intended to also address the children of defendant's wife. Defendant's trial counsel made no argument in opposition to the prosecuting attorney's argument that he was entitled to elicit testimony concerning the confrontation. The trial court allowed the prosecuting attorney to proceed with his questions. Defendant's trial counsel offered no objections to the questions and answers of which defendant now complains. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. [Cits.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536). "A party's acquiescence to the ruling of a trial court deprives the party of a right to complain of that ruling on appeal [cit.], and acquiescence can be caused by silence. [Cit.]" *State v. Pattee*, 201 Ga. App. 690, 693 (411 SE2d 751). Defendant has waived the issue argued on appeal by failing to raise an objection in the trial court.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 3, 1994.

*Bruce S. Harvey, Pete C. Whitlock*, for appellant.
*J. Tom Morgan, District Attorney, Jeffrey H. Brickman, Robert M. Coker, Assistant District Attorneys*, for appellee.