## A02A1819. PEEK v. THE STATE.
### (576 SE2d 31)

PHIPPS, Judge.

David Jerome Peek was convicted on one count of aggravated stalking and sentenced to serve eight years, four in prison and four on probation. On appeal, Peek challenges the sufficiency of the evidence to support his conviction. Because we find the evidence sufficient, we affirm.

In January 2001, in another case, Peek pled guilty to aggravated stalking of his girlfriend, Neaunce Key, and was sentenced to three years on probation. One of the conditions of his probation was that he have no violent contact with Key. The indictment in this case charged that on March 19, 2001, Peek contacted Key at her residence "and did thereafter punch, kick and drag from a car said Neaunce Key, without the consent of said Neaunce Key, and for the purpose of harassing and intimidating said Neaunce Key," in violation of the condition of probation in the earlier case that he have no violent contact with Key.

At trial, DeKalb County Police Officer M. A. Williams testified that he responded to a domestic violence call at Key's residence on March 19, 2001. When he arrived, Key was crying and upset. She told Williams that her live-in ex-boyfriend, David Peek, got mad at her when she arrived home late from work the night before and "dragged her from a car, threw her to the ground [and] . . . began kicking and punching her in the face." Key told Williams that she spent the night with a friend and returned on the nineteenth and asked Peek to move out. In response, Peek became angry and

---

[10] See generally *Prather v. State*, 275 Ga. 268, 270 (3) (564 SE2d 447) (2002).

punched her in the face. Key said that, at that point, her cousin called the police.

Williams testified that he observed bruises to Key's face and a large laceration on her ankle. After talking with Key and her cousin and grandmother, Williams arrested Peek. He testified that he did not notice any injuries on Peek.

When Key testified, she said that she came home on March 18 or 19 and Peek got in the car and would not get out when she asked him to do so. She tried unsuccessfully to pull him out of the car and ultimately "lashed out at him." At that point, they began to fist fight. Key said that she went in the house, got a knife, and tried to cut Peek with it. She said that they both sustained injuries from the fight. Key denied that Peek threw her down or dragged her as set forth in Williams's report and stated that she did not really talk to Williams except to identify Peek.

Peek claims that the evidence was insufficient to support his conviction because the evidence showed that Key initiated the violence and that he was merely attempting to defend himself. He argues that the weight of the evidence supports his claim of self-defense.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict.[1] We do not weigh the evidence or determine witness credibility, but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] Under *Jackson v. Virginia*,[3] we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

"A person commits the offense of aggravated stalking when such person, in violation of a . . . condition of probation . . . contacts another person . . . without the consent of the other person for the purpose of harassing and intimidating the other person."[4] Peek was charged with violating the no violent contact provision of his probation. He argues that because the only evidence that he violated this provision was completely offset by Key's own testimony, the evidence was insufficient to support his conviction.

Key's prior inconsistent statement to Williams was admissible as substantive evidence of Peek's guilt.[5] The jury was thus authorized to

---

[1] *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Newman*, supra; see also *Brady v. State*, 233 Ga. App. 287, 288 (1) (503 SE2d 906) (1998) (our review of the evidence is limited to its sufficiency, not its weight).

[3] Supra.

[4] OCGA § 16-5-91 (a).

[5] *Brown v. State*, 175 Ga. App. 246, 247 (1) (333 SE2d 124) (1985).

believe Key's prior inculpatory statement rather than her exculpatory trial testimony.[6]

"If, from all that the jury see of the witness, they conclude that what [s]he says now is not the truth, but what [s]he said before [is], they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court." [Cit.][7]

Moreover, although corroborative evidence is not necessary to sustain a conviction based on a prior inconsistent statement,[8] Williams's testimony that he observed injuries to Key, but none to Peek, corroborated Key's prior statement. We find that Key's prior inconsistent statement was sufficient to authorize a rational trier of fact to find Peek guilty of aggravated stalking beyond a reasonable doubt.[9]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 18, 2002.

*Robert J. Storms*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Anne M. Long, Assistant District Attorneys*, for appellee.

---

[6] Id.

[7] *Gibbons v. State*, 248 Ga. 858, 864 (286 SE2d 717) (1982).

[8] See *Weeks v. State*, 187 Ga. App. 307, 308 (1) (370 SE2d 344) (1988).

[9] See id.