## 48039. FULLWOOD v. THE STATE.

DEEN, Judge. 1. Fullwood was tried on a two-count indictment alleging (1) burglary by entry into Eighteenth Century Shop with intent to commit theft, and (2) burglary by entry into the business of Climax, Inc. with intent to commit theft. The evidence strongly supported the following findings: Fullwood went with his sister who rented an automobile which was later discovered in an adjacent parking lot. Fullwood and his two codefendants made a hole in the roof of the Climax Shop, entered the store, took jewelry from the counter cases, placed it in plastic bags and piled it on the floor; attempted to open the cash register unsuccessfully; opened the safe; assembled equipment such as a recording machine and radio together on the floor preparatory to removing it. A central burglary warning system was set off in the process. The manager arrived with police, searched the store and found no intruders. After some of the police had left they were informed that a second alarm had gone off in the adjoining Eighteenth Century Shop. They then went to the basement, found that an unlocked storage room door which separated these two establishments was open and had triggered the second alarm, entered the latter shop, found the two codefendants who had climbed upon some shelves in the hallway and were supporting themselves from the top of a partition, and a few minutes later found the defendant under a table in the back of the store. In this shop rugs had been scuffed up and objects on the shelves where the codefendants were found had been knocked about, but there was no such piling of loot or selective process

engaged in as in the Climax Shop. The defendant was acquitted on Count 1 and convicted on Count 2, and appeals on the ground of repugnancy of verdicts.

2. "Verdicts which are repugnant and self-contradictory cannot be allowed to stand. *Porter v. State,* 124 Ga. App. 285 (183 SE2d 631)." *Wiley v. State,* 124 Ga. App. 654 (185 SE2d 582). Where the evidence shows a single transaction verdicts of guilty of selling and not guilty of possessing liquor are repugnant (*Kuck v. State,* 149 Ga. 191 (99 SE 622)); as are not guilty of pointing a pistol at X and guilty of attempted kidnapping by pointing a pistol at X (*Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435)); not guilty of aggravated assault by shooting a pistol at X with intent to murder, and guilty of possessing a pistol with intent to commit a felony (*Porter v. State,* 124 Ga. App. 285 (183 SE2d 631)). Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. See, e.g., *Robinson v. State,* 79 Ga. App. 644 (54 SE2d 461); *Hand v. State,* 90 Ga. App. 452 (3) (83 SE2d 276).

In the present case the inference would be authorized that the defendant and his accomplices entered Climax, Inc. through the roof with intent to burglarize it and collected their loot preparatory to removing it to the car when the police arrived; that they ran down to the basement in an effort to escape and opened the connecting door to the Eighteenth Century Shop, at which point the second alarm went off, and that they hid there until discovered. So considered, the respective verdicts are not inconsistent with each other.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
SUBMITTED APRIL 2, 1973 — DECIDED APRIL 11, 1973.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode,*

*Dennis S. Mackin, William M. Weller, Morris H. Rosenberg,* for appellee.