## 56032. OLIVER v. THE STATE.

SMITH, Judge.

Appellant enumerates as error the overruling of his motion for new trial after his conviction of armed robbery. He contends the conviction should be set aside because it was inconsistent with and repugnant to the jury's acquittal of him on two aggravated assault charges and because it was based upon the uncorroborated testimony of an accomplice. We find both contentions meritless and affirm the conviction.

Appellant drove two men to the office of the Housing Authority of the City of Macon. He waited in his car while the two went into the office and robbed an employee at gunpoint. It was alleged that one of the two men also pointed a gun at two visitors to the office. After completing the deed, the two men entered appellant's waiting car, and appellant sped them away from the scene.

1. The verdict was not inconsistent under the rule set out in *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973): "The determinative factor . . . is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." Here, from the

proffered testimony, the jury could well have determined that appellant's accomplice did not assault the two visitors, without necessarily finding against a fact essential to the conviction for armed robbery of the employee. For instance, the jury could have decided either that the accomplice did not point a gun at the visitors or that the pointing of the gun did not constitute an attempt to injure and it did not place the visitors in "reasonable apprehension of immediately receiving a violent injury." Ga. L. 1968, pp. 1249, 1280 (Code Ann. § 26-1301); *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143) (1976). Hence, we find meritless appellant's contention that the conviction was unauthorized because it was inconsistent with the acquittal. See also *Fullwood v. State,* 128 Ga. App. 772 (2) (197 SE2d 858) (1973).

2. Contrary to appellant's contention, his accomplice's testimony was corroborated by appellant's own testimony and by that of a witness to appellant's rapid flight from the scene of the crime. See *Jones v. State,* 139 Ga. App. 643 (3) (229 SE2d 121) (1976).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED JULY 3, 1978.

*J. Robert Daniel,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.