## 59295. JACKSON v. THE STATE.

SHULMAN, Judge.

Defendant was indicted and convicted of the offense of criminal attempt to commit armed robbery. Finding no error, we affirm.

1. Appellant asserts as error the denial of his motion to have his case severed from that of his co-defendants. Since the offense charged in the instant case was not a capital felony, the decision of whether or not to sever the co-defendants rested within the discretion of the trial court. Code Ann. § 27-2101; *Mathis v. State,* 231 Ga. 401 (3) (202 SE2d 73). In the absence of a showing that the trial court abused its discretion in denying severance,

causing defendant to suffer prejudice amounting to a denial of due process, we refuse to disturb the trial court's ruling on appeal. *Aaron v. State,* 145 Ga. App. 349 (1) (243 SE2d 714).

2. Appellant claims that his motion to quash was improperly denied in that he clearly showed that his true name (that which appears on his birth certificate) differed from that which appeared in the indictment. Even assuming that defendant had properly raised this matter by way of a plea of misnomer (see Code Ann. § 27-1505), since defendant failed to allege that he had never been known or called by any other name than that which he alleged to be his true name, his contentions of error are without merit. *Henderson v. State,* 95 Ga. 326 (1) (22 SE 537).

3. Appellant contends that the trial court's failure to declare a mistrial following an improper statement made by the prosecutor mandates reversal. We disagree.

The trial court instructed the jury, in detail, to disregard the complained of remark. "The extent of a rebuke and instruction is within the discretion of the court, and when, as here, the improper remark is cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial. [Cits.]" *Benefield v. State,* 140 Ga. App. 727, 730 (3) (232 SE2d 89).

4. Appellant argues that his conviction was impermissibly based solely on the uncorroborated testimony of an alleged accomplice. The evidence does not support this contention.

Defendant's own testimony wherein he admitted driving the co-defendant's car at the time of the attempted robbery and dropping the co-defendants at the scene of the robbery (remaining in the car with one of the co-defendant's children) corroborated the accomplice's testimony. Indeed, defendant's testimony corroborated his alleged accomplice's on most material points except in regard to defendant's knowledge or intent in relation to the attempted armed robbery. Accordingly, we find that the testimony of the accomplice was sufficiently corroborated and that the jury's verdict of guilty was not

as a matter of law without evidentiary support. *Quaid v. State,* 132 Ga. App. 478 (1) (208 SE2d 336); *Smith v. State,* 238 Ga. 640 (235 SE2d 17); *Oliver v. State,* 146 Ga. App. 551 (2) (246 SE2d 734).

5. Based on three prior felony convictions and the nature of the offense upon which defendant currently sought appeal, the court determined that there was a substantial risk that the defendant would pose a danger to others and to the community if released from custody on appeal bond. Since the court's ruling was in accord with the standards prescribed in *Birge v. State,* 238 Ga. 88 (230 SE2d 895), it was not erroneous.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted January 9, 1980 — Decided February 13, 1980.

*Harold E. Martin,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.

