## A90A0687. CODY v. THE STATE.
(393 SE2d 692)

POPE, Judge.

Defendant was convicted of possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act, and appeals. We affirm.

1. Defendant first challenges the sufficiency of the evidence, contending that his conviction was based solely on the uncorroborated testimony of an alleged accomplice in violation of OCGA § 24-4-8. "We find no merit in this enumeration. Acknowledging that corroboration of the testimony by a single accomplice is necessary, . . . our courts have held that the corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify defendant with (the) crime. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cits.) *Inman v. State*, 182 Ga. App. 209 (355 SE2d 119) (1987). The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. (Cits.) (Cit.) *Cole v. State*, 156 Ga. App. 288, 289-290 (1) (274 SE2d 685) (1980)." (Punctuation omitted.) *Adams v. State*, 191 Ga. App. 16, 18

(381 SE2d 69) (1989).

In the case at bar, the accomplice, a juvenile, testified at trial that he and the defendant were standing on "Rat Row" near Jones Apartments when they saw Officer Williams approach. The accomplice, knowing Officer Williams to be an undercover drug agent, dropped a matchbox he was holding. The accomplice admitted that the matchbox contained five rocks of cocaine and that he intended to sell the cocaine for $20 a rock. The accomplice also testified that the defendant provided him with the cocaine to sell and that he would keep only $4 for every rock of cocaine sold and give the balance of the money received from the sale to the defendant.

Officer Williams testified he saw the defendant, whom he knew by sight, the accomplice and another unidentified man standing on the steps of Jones Apartments engaging in what appeared to be a drug deal. Williams testified that he knew the accomplice had recognized him and that he saw him drop a matchbox to the ground. Williams retrieved the matchbox from where it had been dropped and handcuffed the accomplice. Williams noticed the defendant "easing away" and instructed him to place his hands on Williams' car. At this instruction, however, defendant began running and was able to escape. We find that this testimony, including defendant's conduct in fleeing the scene, was sufficient corroboration to authorize the jury to convict the defendant of the crime charged. Accord *Drake v. State*, 241 Ga. 583 (3) (247 SE2d 57) (1978); *Thurston v. State*, 186 Ga. App. 881 (1) (368 SE2d 822) (1988).

2. Defendant has failed to support his second enumeration of error by citation of authority or argument; hence it is deemed abandoned pursuant to Rule 15 (c) (2) of this court. *Rowell v. State*, 176 Ga. App. 309 (1) (335 SE2d 689) (1985).

3. Lastly, defendant contends the trial court erred in denying his motion for new trial urged on the basis of newly discovered evidence, specifically testimony of the accomplice at the hearing on the motion for new trial that he lied at trial when he stated defendant provided him the drugs to sell. The accomplice also testified at the hearing that a person called "Fat Boy," supplied him the drugs to sell, and instructed him to implicate the defendant.

"The standard for granting a new trial on the basis of newly discovered evidence is well established. It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be

granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial.

"Pretermitting the question of whether the 'newly discovered evidence' meets the first five of the above requirements, it is clear that the effect of [the accomplice's] new testimony is to impeach the credibility of his earlier sworn statements. The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for new trial." (Punctuation and citations omitted.) *Drake v. State*, 248 Ga. 891, 894 (287 SE2d 180) (1982). Consequently, the trial court did not abuse its discretion in refusing to grant defendant's motion for new trial. Accord *Burroughs v. State*, 186 Ga. App. 40 (13) (366 SE2d 378) (1988).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 2, 1990.

*Short & Fowler, Thomas S. Bishop*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, J. David Miller, Assistant District Attorneys*, for appellee.