## A03A1973. ELLISON v. THE STATE.
(594 SE2d 675)

MILLER, Judge.

Following a jury trial, Alonzo Ellison was convicted of possession of marijuana with intent to distribute. He appeals, challenging the sufficiency of the evidence and asserting error in (i) statements made by the prosecutor during closing argument and (ii) the verdict form. We hold that the evidence was sufficient and that Ellison waived the alleged errors. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that armed with a search warrant, police began using sledge hammers to knock down the entry doors to the residence of Brandon Grantling. Before they gained entry, an officer familiar with Ellison witnessed Ellison jump out the residence's back window and flee. A second officer also witnessed Ellison flee and took up the chase with the first officer, but they were unable to apprehend Ellison.

Once inside the residence, police discovered Grantling hiding next to his bed in his bedroom, with 32 yellow baggies of marijuana under the bed. They found additional marijuana throughout the home, including marijuana in the toilet, used marijuana cigarette butts in the living room, and seven red baggies of marijuana on the kitchen table near loose marijuana and empty baggies. Grantling confessed that he owned the marijuana in the yellow baggies, in the bathroom, and in the living room, but stated that the marijuana and the red baggies of such in the kitchen belonged to Ellison. He explained that just before police arrived, he had allowed Ellison into his residence so that Ellison could use his kitchen to package marijuana belonging to Ellison.

Ellison was indicted for possession of marijuana with intent to distribute and tried before a jury. He chose not to testify at trial. At Ellison's request, the court charged the jury on the lesser included offense of possession of marijuana. The jury found him "guilty of possession of marijuana and guilty of intent to distribute marijuana." The court sentenced Ellison to ten years confinement for possessing marijuana with intent to distribute, and he moved for a new trial, which was denied. He now appeals.

1. Ellison first challenges the sufficiency of the evidence, arguing that his conviction was based solely on the uncorroborated testimony of an alleged accomplice in violation of OCGA § 24-4-8. Although corroboration of the testimony by a single accomplice is necessary, that corroborating evidence itself need not be sufficient to warrant conviction, but need only tend to connect and identify defendant with the crime. *Cody v. State*, 195 Ga. App. 318 (1) (393 SE2d 692) (1990). The corroborating evidence may consist entirely of circumstantial evidence and may include defendant's conduct before and after the crime was committed. *Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810) (1998). "Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient." (Citations omitted.) Id.; accord *Cody*, supra, 195 Ga. App. at 318 (1).

Here police witnessed that Ellison was in a residence that had marijuana in many rooms, including some in the process of being bagged in the kitchen. The marijuana in the kitchen was in red baggies as opposed to the yellow baggies found near the accomplice,

*implying different ownership.* Police witnessed Ellison jumping out of the residence's back window and fleeing the scene upon their attempting to gain entry to the residence, showing Ellison's consciousness of guilt. We find that this evidence was sufficient corroboration to authorize the jury to convict Ellison of the crime charged. See *Cody,* supra, 195 Ga. App. at 319 (1); see also *Davis v. State,* 154 Ga. App. 803, 804 (2) (269 SE2d 874) (1980) (accomplice's testimony corroborated by defendant's rapid flight from scene, which evinces awareness of guilt); *Oliver v. State,* 146 Ga. App. 551, 552 (2) (246 SE2d 734) (1978) (defendant's rapid flight from crime scene corroborated accomplice's testimony).

2. Ellison contends that the trial court erred in allowing the prosecution to comment on his silence during closing argument. However, he failed to object contemporaneously to any of the State's closing argument and has therefore waived this enumeration of error. *Braithwaite v. State,* 275 Ga. 884, 885 (2) (a) (572 SE2d 612) (2002). "A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action. [Cit.]" *Miller v. State,* 267 Ga. 92 (2) (475 SE2d 610) (1996).

Moreover, the prosecutor's comments, which noted only that no one had contradicted the testimony of the accomplice, were not an improper comment on Ellison's silence in any case. Where the prosecutor's comments are not directed at the defendant's decision not to testify but are directed at defense counsel's failure to rebut or explain the State's evidence, the comments are permissible. *Johnson v. State,* 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999); see *Ranger v. State,* 249 Ga. 315, 319-320 (3) (290 SE2d 63) (1982).

3. Ellison argues that the trial court allowed an illegal verdict that convicted him both on the charge of possession with intent to distribute and on the lesser included charge of mere possession. This argument fails for at least two reasons.

First, the verdict found Ellison guilty only of possession of marijuana with intent to distribute; it did not find him guilty of mere possession. It read: "We, the jury, find the defendant guilty of possession of marijuana and guilty of intent to distribute marijuana." Thus, the jury simply broke down the verdict into the two primary findings necessary to find Ellison guilty of the offense of possessing marijuana with intent to distribute. See *Pitts v. State,* 260 Ga. App. 553, 556-557 (3) (580 SE2d 618) (2003); see generally OCGA § 16-13-30 (j) (1). Ellison so understood the verdict, since he neither raised an objection to the verdict at the time it was rendered nor raised an objection when the court sentenced him on the felony charge of possession with intent to distribute with no reference to the lesser charge of mere possession. Indeed, failure to object to the form of the verdict at the

time it was rendered waives any complaint that the verdict was inconsistent, confusing, or otherwise irregular. *Mayorga v. State*, 225 Ga. App. 496, 497 (484 SE2d 292) (1997); *Wilkes v. State*, 210 Ga. App. 898-899 (1), (2) (437 SE2d 837) (1993); *Bissell v. State*, 153 Ga. App. 564, 566-567 (2) (266 SE2d 238) (1980).

Second, there is nothing improper with a jury finding a defendant guilty of both the charged offense and a lesser included offense. When the same conduct establishes the commission of more than one crime, a defendant may be prosecuted and found guilty of each crime but may not be sentenced for both. *Gooch v. State*, 249 Ga. App. 643, 648 (5) (549 SE2d 724) (2001). When the jury finds the defendant guilty of both crimes, the lesser offense merges into the greater offense and the court sentences on the greater offense only. *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994); see *Kinney v. State*, 234 Ga. App. 5, 7-8 (2) (505 SE2d 553) (1998); see also *Gooch*, supra, 249 Ga. App. at 648 (5). Inasmuch as simple possession of marijuana is a lesser included offense of possession of marijuana with the intent to distribute (see *Smiley v. State*, 241 Ga. App. 712, 713 (527 SE2d 585) (2000)), the court properly sentenced Ellison on the greater charge only (assuming the verdict could be construed to have found Ellison guilty of the mere possession crime also).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 5, 2004.

*Lindsey & Jacobs, Tamara Jacobs*, for appellant.
*William T. McBroom III, District Attorney, Joyce A. Bussey, Assistant District Attorney*, for appellee.