## A04A0547. McNAIR v. THE STATE.
(600 SE2d 830)

MILLER, Judge.

Following a jury trial, Alvin McNair was convicted of possession of tools for the commission of a crime. On appeal McNair contends that (1) the trial court erred in failing to suppress evidence obtained from his car and his person after he was pulled over by police, and (2) the testimony of his co-defendant was not sufficiently corroborated to authorize his conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that at around 3:30 a.m. on May 30, 2002, a police officer responded to a burglary alarm at Southern Federal Credit Union. The officer arrived at the scene in less than a minute and noticed an older model, cream-colored Chevrolet Caprice near the scene with no other cars in sight. The officer pulled into the credit union parking lot and noticed that the ATM machine had been ripped out of the wall. When the officer saw that the cream-colored car had left the scene, he immediately issued a "be on the lookout" (BOLO) for the car.

About five minutes after the BOLO was issued, two officers spotted a car matching the description of the car referenced in the

BOLO coming from the direction of the crime scene. The officers pulled the car over and noticed that the two men in the car were nervous, sweaty (as if they had recently engaged in physical activity), dirty and covered in grease that was similar to the grease on the rails located at the back of an ATM machine, and had minor scratches. The officers asked the men to exit the car, and the driver, McNair, gave consent for the officers to search the car. Fearing that McNair might attempt to flee, one of the officers prepared to place McNair in one of the patrol cars. Before placing McNair in the patrol car, the officer patted him down to make sure that he did not have any weapons and while doing so felt something in McNair's pocket. McNair gave consent for the officer to retrieve what was in his pocket, and the officer retrieved a Southern Federal Credit Union ATM card.

Officers searched the vehicle and found crow bars, a sledgehammer, a screwdriver, a flashlight, and a ski mask. The discovered tools were of the type commonly used in burglaries involving the removal of items such as an ATM machine. There was also pine straw in the trunk of the car, and officers had observed pine straw near the shrubbery around the credit union ATM machine. McNair and his companion were arrested, and the trial court refused to suppress at trial the evidence gathered from McNair's car and his person in connection with the initial police stop.

McNair's co-defendant testified against him at trial. The co-defendant testified that McNair drove to the Southern Federal Credit Union, put on a ski mask, and with a crow bar removed the ATM machine from the bank wall. He also testified that he and McNair hid in some straw near the front of the bank when a car passed them while they were attempting to remove the ATM machine. McNair went into the bank through the hole created from the removal of the ATM machine, but exited the bank through the same hole within moments because the alarm sounded. The jury found McNair guilty of possession of tools for the commission of a crime.

1. McNair contends that the trial court erred in denying his motion to suppress evidence gathered from his car and his person during the initial police stop, because the stop was not predicated on a reasonable, articulable suspicion of criminal activity. We disagree.

When reviewing a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the lower court, and the court's findings on disputed facts and the credibility of witnesses will be adopted unless they are clearly erroneous. *Hayes v. State*, 249 Ga. App. 857, 863 (5) (549 SE2d 813) (2001). Since the trial court is the trier of fact, its findings are analogous to a jury verdict, and we will not disturb the court's findings if any evidence supports them. Id.

Here, the officers who initially stopped McNair and his companion had an objective, reasonable suspicion of criminal activity that would justify the stop. A BOLO had been issued for the car in which the suspects were driving based on a police officer having observed the car leaving the scene of a crime. The car matching the description in the BOLO was coming from the area of the crime scene and was intercepted within minutes of the BOLO being issued. McNair's contention that the initial stop was unjustified is without merit. See *King v. State*, 258 Ga. App. 872, 874-875 (1) (575 SE2d 679) (2002) (officer had reasonable suspicion to stop vehicle that matched the description in the BOLO); *Givens v. State*, 218 Ga. App. 415, 417 (1) (461 SE2d 579) (1995). Once the valid stop was initiated, the police were authorized to request consent to search McNair's car. *Harris v. State*, 239 Ga. App. 537, 540 (2) (b) (521 SE2d 462) (1999).

Additionally, under the totality of the circumstances, a substantial basis for probable cause existed for the officers to pat-down McNair and remove the ATM card from his pocket. The initial stop occurred around 3:30 a.m., and there were two males in the car who were nervous, showed evidence of recent physical exertion, and were covered in grease that could have been connected to the reported criminal activity at the credit union. Moreover, the officer harbored legitimate safety concerns when McNair appeared as though he were about to flee as the officer prepared to place McNair in one of the patrol cars. The officer was justified in conducting a pat-down for possible weapons. See, e.g., *Brooks v. State*, 208 Ga. App. 680, 681-682 (1) (431 SE2d 466) (1993); cf. *State v. Cannon*, 253 Ga. App. 445, 447 (559 SE2d 76) (2002) (pat-down for officer safety was proper where car with four men was pulled over at 2:30 a.m. and other circumstances existed to suggest continued criminal activity). The officer was further authorized to remove the ATM card from McNair's pocket in connection with the lawful pat-down. See *State v. Smalls*, 203 Ga. App. 283, 285-286 (2) (416 SE2d 531) (1992) (search and seizure proper where, while conducting lawful pat-down, officer obtained consent to remove large sum of money from defendant's pocket).

The trial court properly denied the motion to suppress.

2. McNair claims that the testimony of his co-defendant was not sufficiently corroborated to warrant his conviction for possession of tools for the commission of a crime. We disagree.

While it is true that the uncorroborated testimony of a single accomplice cannot form the basis for a conviction (see OCGA § 24-4-8), the corroborating evidence does not, by itself, need to be sufficient to warrant the conviction, but need only tend to connect and identify defendant with the crime. *Cody v. State*, 195 Ga. App. 318 (1) (393 SE2d 692) (1990). The corroborating evidence may be entirely circumstantial. *Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810)

(1998). "Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient." (Citations omitted.) Id.; accord *Cody*, supra, 195 Ga. App. at 318 (1).

Here the testimony of McNair's co-defendant was sufficiently corroborated to warrant the conviction. Consistent with the co-defendant's testimony that McNair possessed the tools that were used in the crime, McNair was found near the scene covered in grease that could have come from the ATM machine, was sweaty (as if he had been working), and the tools used in the crime were in his car. Further, the co-defendant testified that he and McNair hid in some pine straw at the front of the bank when they noticed a car approaching, and similar pine straw was found in McNair's car. In addition, a police officer with extensive experience in burglary investigations testified that the types of tools found in McNair's car were ones that were commonly used in burglaries like the one involving the removed ATM machine. The jury was authorized to find McNair guilty of possession of tools for the commission of a crime. See OCGA § 16-7-20 (a).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2004.

*Ballard & Ballard, Scott L. Ballard*, for appellant.
*William T. McBroom, District Attorney, Jamie K. Inagawa, Assistant District Attorney*, for appellee.