A04A1613. KEMP v. THE STATE.
(610 SE2d 623)

PHIPPS, Judge.

Tijuana Kemp was tried by a jury and convicted of felony theft by shoplifting. She claims that the evidence was insufficient to support her conviction and that the trial court erred by refusing to charge on the lesser included offense of misdemeanor theft by shoplifting. We reverse Kemp's conviction based on the trial court's failure to charge the jury on the lesser included offense. Because we find that the evidence was sufficient to support the verdict, the case can be retried.[1]

The evidence showed that on November 29, 2000, two Wal-Mart loss prevention officers briefly observed Kemp and Kristhia Dobbs

---

[1] See *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

shopping. According to the officers, both women had an "extraordinary amount of merchandise" in their respective shopping carts. After they finished shopping, both Kemp and Dobbs went to a register being operated by Yolanda Price. Kemp went through the checkout line first and placed all of her merchandise on the conveyer belt. Price scanned some of the items and placed others into bags without scanning them. Kemp was there most of the time during the transaction, but did leave at one point to get a curling iron. Kemp wrote a check for her purchases in the amount of $199.04, and left. The entire transaction at Price's cash register was recorded on videotape. Based on a review of the videotape, it was clear that Price did not scan many of the items Kemp placed on the conveyer belt, but it was not clear whether Kemp saw Price fail to scan those items.

As Kemp was leaving, one of the loss prevention officers stopped her and told her that she had not paid for some of the items in her bags. The officer stopped Dobbs for the same reason and took them both to the loss prevention office where they separated the paid for items from the unpaid for items. Wal-Mart kept all of the merchandise, and gave Kemp her check back. The purchase price of the items not paid for by both Kemp and Dobbs was $817.89.

Police Detective Kenneth Gunnells was assigned to investigate. He spoke to Price at her home and he testified that she told him that she had asked her friends, Kemp and Dobbs, to come to Wal-Mart and pick out certain items that she would not scan. Some of the items were for Price and some of the items would be kept by Kemp and Dobbs.

While Gunnells was talking to Price, Kemp came by and he asked her about the incident at Wal-Mart. Gunnells testified that Kemp told him that she thought the matter had been taken care of because she had paid a $150 loss prevention fee to Wal-Mart and did not think she would be prosecuted. Kemp also told him that they had made a big deal out of a few items that had not been scanned. Based on his investigation, Gunnells decided to charge Price, Kemp and Dobbs with shoplifting.

Price testified that she never told Gunnells that she had asked Kemp and Dobbs to come to Wal-Mart to take items. She admitted that she had told him that she scanned most of the items and acted like she scanned the rest of the items, but said Kemp did not know she was not going to scan all of the items. She also admitted that she told Gunnells that a few of the items Kemp and Dobbs got were for her.

Kemp admitted that Dobbs and Price were her friends. Kemp testified that she saw Dobbs at a gas station on November 29, and that Dobbs said she was going to Wal-Mart. Kemp was also on her way to Wal-Mart, and they proceeded to the store in separate cars. Kemp testified that during the checkout process, she left to get a curling iron and that she spoke to a few people she recognized who were in the

store. She testified that when Price told her the amount she owed, she asked Price "are you sure?" because she thought the amount was too low. Price then turned the screen around to face Kemp so that she could see the amount she had been charged.

Kemp testified that not all of the items identified at trial as items not paid for were items that she had selected for purchase. She testified that some of the items were ones Dobbs had selected for purchase and some of the items were ones that neither she nor Dobbs had selected for purchase. Kemp denied any intent to shoplift from Wal-Mart.

1. Kemp claims that the evidence was insufficient to support her conviction for felony theft by shoplifting.

A person commits the offense of theft by shoplifting when she alone or in concert with another person takes possession of goods or merchandise of any store or retail establishment, with the intent of appropriating the goods or merchandise to her own use without paying for them.[2] When the property that was the subject of the theft exceeds $300 in value, the offense constitutes a felony.[3]

Kemp argues that the only evidence that she was a party to the crime of shoplifting came from Gunnells when he testified about Price's prior inconsistent statement that she had asked Kemp and Dobbs to come to Wal-Mart and pick out certain items that she would not scan, and that there was no independent corroboration of the prior inconsistent statement.

Although the testimony of one witness is generally sufficient to establish a fact, in felony cases where the only witness is an accomplice, the testimony of a single witness is not enough.[4] However, in such cases, corroborating circumstances may dispense with the need for the testimony of a second witness.[5] "[T]he corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify [the] defendant with the crime."[6] Slight corroborative evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient to support the verdict, and the corroborative evidence may be circumstantial.[7] Whether the evidence offered as corroboration is sufficient to support a conviction is a matter for the jury to decide.[8] "If the verdict is founded on slight

---

[2] OCGA § 16-8-14 (a) (1).

[3] OCGA § 16-8-14 (b) (2).

[4] OCGA § 24-4-8.

[5] Id.

[6] *Cody v. State*, 195 Ga. App. 318 (1) (393 SE2d 692) (1990) (citation and punctuation omitted).

[7] Id.; *Fain v. State*, 211 Ga. App. 399, 400 (1) (439 SE2d 64) (1993).

[8] *Cody*, supra.

evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence."[9]

Here, Kemp admitted that she was "concerned" about her purchases at Wal-Mart because she thought she had not been charged enough. And it was clear that Price did not scan many of the items Kemp placed on the conveyer belt. Although the videotape did not show Kemp looking at Price when she failed to scan an item, Kemp was often out of view of the camera and there was evidence that she was standing near the register during most of the lengthy checkout process. Kemp also admitted that she was friends with Price and Dobbs. This evidence provides at least some corroboration of the prior inconsistent statement. As a result, we cannot say as a matter of law that the jury was not authorized to find Kemp guilty as a party to the crime charged.[10]

2. Kemp claims that the trial court erred by refusing to charge the jury on the lesser included offense of misdemeanor theft by shoplifting. She points out that part of her defense was that she was not acting in concert with Dobbs, as supported by undisputed evidence that they had separate shopping carts, selected separate items, checked out separately and wrote separate checks for their purchases. And Wal-Mart admittedly lumped all of the unpaid for items together, whether they were selected by Kemp or Dobbs. Kemp also testified that some of the unpaid for items had not been selected for purchase by either her or Dobbs.

"[A] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the [testimony] before it."[11] Based on the evidence presented, the jury might have believed that Kemp did in fact shoplift, but that she did not do so in concert with Dobbs, and thus could only be charged with taking the unpaid for items that she had selected for purchase. The state did not prove which of the unpaid for items had been selected by Kemp. Thus, the jury could have concluded that the state failed to prove that the value of those items was more than $300.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense."[12] Here, there was evidence from which the jury could have found that Kemp was guilty of misdemeanor theft by shoplifting. Thus, a charge should have been given on that offense.

---

[9] Id. (citations and punctuation omitted).

[10] See id.

[11] *Overstreet v. State*, 250 Ga. App. 336, 337-338 (1) (551 SE2d 748) (2001) (punctuation and footnote omitted).

[12] *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990).

Because the error was not harmless, we reverse Kemp's conviction.[13]
*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 16, 2005.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Mark G. Hatton, Assistant District Attorney*, for appellee.

---

[13] Cf. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) (in light of overwhelming evidence of guilt, it was highly probable that failure to give charge did not contribute to verdict).
[1] (Citation omitted.) *Powell v. State*, 245 Ga. App. 796, 798-799 (538 SE2d 857) (2000).