## A05A1144. FRANCIS v. THE STATE.
(620 SE2d 431)

MILLER, Judge.

Following a bench trial, the trial court found Ashley Francis guilty of driving with an unlawful alcohol concentration while under the age of 21. On appeal, Francis contends the trial court erred in denying her motion to suppress, motion in limine, and motion for a new trial because police officers detained her without probable cause or reasonable suspicion to do so. We affirm for the reasons set forth below, but we also remand the case for consideration of Francis's claim that she received ineffective assistance of trial counsel.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). In the case of an investigatory detention of a suspect's vehicle, "[t]he inquiry is whether the officer had reasonable grounds, based on specific and articulable facts, for making the stop." (Punctuation and footnote omitted.) *State v. Harden*, 267 Ga. App. 381 (599 SE2d 329) (2004).

So considered, evidence shows that at approximately 5:00 a.m. on June 19, 2003, two officers in a marked patrol car received a report of a theft at the QuikTrip convenience store on the corner of Five Forks Trickum Road and Dogwood Road. The officers were told to be on the lookout ("BOLO") for a red Ford Mustang, whose passenger, a black male, had reportedly stolen two cases of beer. The officers were on Five Forks Trickum Road at the time. A few seconds later, the officers saw a red Mustang directly in front of the QuikTrip. The Mustang was the only other vehicle on the road.

Upon seeing the Mustang, the officers made a U-turn to follow the vehicle, which began to speed up before making an immediate left-hand turn onto another road. At that point, the driving officer turned on the patrol car's blue lights. The Mustang then turned into a gas station and sped through its parking lot. The officers pursued the Mustang through the gas station parking lot, a Kroger parking lot, back onto Five Forks Trickum Road, and then back into the Kroger parking lot, where it finally stopped.

The officers approached the car after it stopped and saw that the passenger was a white male. The senior officer realized that because

the passenger did not match the description given in the BOLO, the Mustang was not the car associated with the reported theft. However, the officer proceeded with the stop because he believed the driver had attempted to flee and elude the patrol car and because the driver had cut through the gas station parking lot and failed to use a turn signal.

When the driver, Francis, asked why she had been stopped, the officer noticed that she had the odor of alcohol on her breath and had slurred speech, and that her face was flushed. The officer asked her to step out of the car to perform a field sobriety test. After the field test, the officer asked Francis to blow into an "Alco-sensor II," which reported the presence of alcohol. Francis, who did not have a driver's license in her possession, told the officer that she was under 21. The officer placed Francis under arrest for driving under the influence, and then read her the implied consent notice for suspects under the age of 21.

1. Francis contends that the trial court erred in denying her motion to suppress, motion in limine, and motion for a new trial because, in light of *Vansant*, supra, the officers were not permitted to stop Francis's car based on a generalized description from a BOLO. See *Vansant*, supra, 264 Ga. at 320-321 (2) (without particularized description or information, officer's stop of van a mile from the scene of hit and run was unreasonable). We disagree.

In this case, unlike *Vansant*, officers knew the make of the car reported to be involved in the crime, and they spotted a vehicle meeting the BOLO description at the reported crime location only seconds after receiving the radio dispatch. See *Shorter v. State*, 239 Ga. App. 625, 626 (1) (521 SE2d 684) (1999) (particularized description of a suspect vehicle may provide the reasonable suspicion sufficient to warrant brief investigative stop); *Harden*, supra, 267 Ga. App. at 382-383 (deputy had articulable suspicion when he saw the suspect vehicle leaving the precise location where intoxicated driver was reported). The Mustang was the only other car on the road, moreover, raising the likelihood that Francis's car was the one identified. See *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). We conclude that under the circumstances the officers had a specific and articulable reason for stopping Francis's car for the purposes of a brief investigation.

Immediately after stopping Francis's car and seeing the passenger, the officers were apprised that the Mustang was not the vehicle reported in the BOLO. Well before that time, however, the officers had reason to believe that Francis had unlawfully attempted to elude them, see OCGA § 40-6-395 (a), and the officers therefore had a reasonable basis for detaining Francis for purposes of investigating her actions. See, e.g., *State v. Stilley*, 261 Ga. App. 868, 871 (584 SE2d 9) (2003) (driver's attempt to elude officers provides an intervening,

legitimate basis to stop the driver). Thus we conclude that the trial court did not err in denying Francis's motion to suppress, motion in limine, and motion for a new trial.

2. Francis also contends that the case should be remanded for a hearing on her claim that trial counsel was ineffective on a number of grounds, including her failure to obtain the dispatch communications in the case. We agree.

It appears from the record that Francis was represented by trial counsel at her hearing on motion for new trial and obtained appellate counsel after the trial court denied her motion for a new trial. Since the present appeal is the first occasion on which Francis could have raised the issue of trial counsel's ineffectiveness, the case must be remanded for an evidentiary hearing on this claim. *Potter v. State*, 272 Ga. 430, 432 (3) (530 SE2d 725) (2000) (affirming conviction, but remanding case for hearing on ineffective assistance when appeal is first opportunity to present that claim); *Horne v. State*, 262 Ga. App. 604, 607 (3) (586 SE2d 13) (2003).

*Judgment affirmed and case remanded. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 17, 2005.

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Gary S. Vey, Assistant Solicitors-General*, for appellee.