## A05A1826. BURNHAM v. THE STATE.
### (626 SE2d 525)

ADAMS, Judge.

Following a bench trial, the State Court of Fulton County convicted James R. Burnham of driving under the influence of alcohol. On appeal, Burnham contends the trial court erred by denying his motion to suppress the results of the field and chemical sobriety tests and statements he made at the scene. Finding no error, we affirm.

A trial judge's findings of fact on a motion to suppress should not be disturbed if there is any evidence to support them; determinations of fact and credibility must be accepted unless clearly erroneous; and the evidence must be construed most favorably to the upholding of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Jackson v. State*, 258 Ga. App. 806, 807-808 (2) (575 SE2d 713) (2002). Also, "[a] trial court's ruling on a motion to suppress will be upheld if it is right for any reason. [Cit.]" *Perez v. State*, 249 Ga. App. 399, 403 (3) (547 SE2d 699) (2001); *Fincher v. State*, 276 Ga. 480, 481 (2) (578 SE2d 102) (2003).

Following a hearing on the motion to suppress conducted at trial, the judge gave his findings verbally. The trial court found that Burnham's wife called the police and reported a domestic situation. Two officers responded and talked to her. Officer Barker then stood lookout for the defendant who had left in a green Jeep Cherokee. When Burnham returned in that vehicle and stopped at the base of his own driveway on a cul-de-sac, the officer used his blue lights to execute a *Terry* stop. The court found that Barker had articulable suspicion to make the stop based on what he had learned from Burnham's wife. The court also found that the officers did not immediately arrest Burnham when he exited his vehicle and had not made a decision to arrest him either. Rather, the officers were merely continuing their investigation of the allegation of domestic violence when they discovered the smell of alcohol which ultimately led to the charges of driving under the influence. Therefore Burnham was not under arrest at the time of the field and chemical sobriety tests for *Miranda* purposes.

Burnham stipulated that, given the court's ruling, there was sufficient evidence to convict on the DUI charges. Burnham also pled no contest to simple assault.

1. Burnham argues that Barker did not have articulable suspicion of criminal activity sufficient to justify the stop. But, the evidence supports the trial court's finding.

An officer may conduct a brief investigative stop if under the totality of the circumstances the officer has " 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474)

(1994), quoting *United States v. Cortez,* 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981). Construed in favor of the trial court's decision, the record shows that Barker had learned from Mrs. Burnham that she and Burnham had had an argument and domestic difficulties; that Burnham was extremely upset, agitated, angry and threatening; that Mrs. Burnham was scared for herself and her children; that Burnham was intoxicated when he left the scene; that he drove a green Jeep Cherokee; and that Burnham, a white male with black hair, was expected to return.

Barker then left the house and sat in his patrol car in the subdivision to wait for Burnham to return. He saw a Jeep Cherokee matching the description pull into the subdivision, head toward the small cul-de-sac where Burnham's house was located, and stop in the street in front of the Burnhams' driveway. Barker, who had followed Burnham to that point, then activated his blue lights. Burnham then pulled into his driveway, and Barker pulled his patrol car behind Burnham's car.

Barker had an articulable suspicion of criminal activity when he made the stop because he had been told that Burnham was intoxicated and was probably driving a vehicle. He also had the description, make and model of the car. He knew that it was suspected that Burnham would return to his house soon. And, he observed a car matching the description drive directly into the cul-de-sac and stop in front of the Burnham home. Thus Barker had significantly more information than the officer in *Vansant,* who only knew that a white van had hit a parked car one mile away and fled. *Vansant,* 264 Ga. at 321 (2). The officer in *Vansant* did not know the make and model of the van or the expected route of the van, nor did he have a general description of the driver. And, he testified that he would have stopped any white van. Id. Compare *McNair v. State,* 267 Ga. App. 872, 874 (1) (600 SE2d 830) (2004) (stop justified where officer was given description of car leaving the scene of a crime, and within minutes he stopped a matching car coming from the direction of the crime scene).

2. Burnham also contends that he was under arrest as soon as Barker blocked his car in the driveway and that, therefore, he should have been read his *Miranda* rights before the field and chemical sobriety tests were conducted and before he was questioned.

"As a general rule, *Miranda* warnings are not required while an investigating officer conducts preliminary questioning or field sobriety tests; however, after a DUI suspect is arrested, *Miranda* warnings must precede further field sobriety tests in order for evidence of the results to be admissible." (Citations and emphasis omitted.) *Polizzotto v. State,* 248 Ga. App. 814, 816 (1) (547 SE2d 390) (2001). And,

[t]he issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous. The test for determining whether a person is "in custody" at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary.

*Harper v. State*, 243 Ga. App. 705, 705-706 (1) (534 SE2d 157) (2000).

As stated above, the trial court found, and the evidence supports, that when the officers approached Burnham as he exited his vehicle, they had not made a decision to arrest him; rather they were pursuing their investigation of the allegation of domestic violence, which they could have done in a brief amount of time. Although Burnham was detained, there is no evidence that the officers did or said anything to indicate that Burnham would be detained more than a short time. See *Polizzotto*, 248 Ga. App. at 817 (1). The trial court did not clearly err by concluding that Burnham was not under arrest at the time of the field and chemical sobriety tests. See *Moody v. State*, 273 Ga. App. 670, 671 (1) (b) (615 SE2d 803) (2005).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2006 —

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Carmen D. Smith, Solicitor-General*, for appellee.