A06A1699. MURRAY v. THE STATE.

(639 SE2d 631)

RUFFIN, Chief Judge.

Following a bench trial, the trial court found Richard Bryan Murray guilty of driving under the influence. In his sole enumeration of error on appeal, Murray challenges the trial court's denial of his motion to suppress. As we find the trial court erred in denying the motion, we reverse.

On appeal from a motion to suppress, we will uphold the trial court's factual findings unless clearly erroneous.[1] Where, however, the evidence is not disputed, we review the trial court's application of the law to the facts de novo.[2] Viewed in this manner, the evidence shows that on October 30, 2005, Deputy Jody Powell of the Henry County Sheriff's Office was on patrol near the Atlanta Motor Speedway following a race when he received a call to be on the lookout ("BOLO") for a gold Ford pickup truck on Selfridge Road. According to the dispatcher, the male driver of that truck had been involved in a domestic dispute and had thrown a female from the truck. Powell was less than a mile from Selfridge Road, and he drove to intercept the pickup. Several minutes later — before Powell reached Selfridge Road — he saw a gold Ford truck heading away from the general direction of Selfridge Road, and he turned his patrol car around and stopped the truck. At that time, Powell admittedly did not know the year or model of the Ford truck, the license plate number, the age or race of the driver, the direction in which the gold truck was allegedly

---

[1] See *McNair v. State*, 267 Ga. App. 872, 873 (1) (600 SE2d 830) (2004).
[2] See *Boone v. State*, 282 Ga. App. 67, 70 (2) (637 SE2d 795) (2006).

traveling, or even whether the truck was in fact moving. Powell did not observe the driver of the truck commit any traffic infraction or engage in any suspicious behavior; he stopped the truck solely because he thought it might have been the same truck involved in the domestic dispute. Upon approaching the truck, Powell "smelled a strong odor of alcohol com[ing] from the vehicle." Murray, who had been driving the truck, was ultimately arrested for driving under the influence.[3]

A law enforcement officer is authorized to stop an automobile and conduct a limited investigation of its occupants, without probable cause, if that officer has reasonable grounds for such action and the stop is not arbitrary or harassing.[4] There needs to be "a particularized and objective basis for suspecting the particular person stopped of criminal activity."[5] Here, Murray contends that Powell lacked articulable suspicion sufficient to justify the traffic stop and thus evidence obtained during the stop must be suppressed. In support of this argument, Murray cites *Vansant v. State*, in which the Supreme Court held that a law enforcement officer who knew only that a white van had just been involved in a hit-and-run collision lacked a basis for stopping a white van in the vicinity.[6]

The trial court denied Murray's motion to suppress, finding that the case at bar is more closely analogous to *Francis v. State*,[7] in which law enforcement "officers were told to be on the lookout . . . for a red Ford Mustang, whose passenger . . . had reportedly stolen two cases of beer" from a convenience store on a specific road. Mere seconds later, the officers spotted a red Ford Mustang in front of the convenience store and attempted to stop the car, at which point the driver sped away. Given that the officers had the make and model of the car, which was seen at the precise location of the alleged robbery, we held that the officers "had a specific and articulable reason for stopping [the red Mustang] for the purposes of a brief investigation."[8]

Here, however, Powell did not see the gold Ford truck at the exact location where the alleged crime took place. Rather, Powell stopped the truck on a different street. And the mere fact that Murray's truck was located in the vicinity of the alleged crime does not necessarily give rise to articulable suspicion.[9] Moreover, Powell admittedly had

---

[3] There is no evidence that Murray was the driver involved in the domestic altercation, which led to the alert for the gold Ford truck.

[4] See *Lamb v. State*, 269 Ga. App. 335, 336-337 (604 SE2d 207) (2004).

[5] (Punctuation omitted.) *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994).

[6] See id. at 320-321.

[7] 275 Ga. App. 164 (620 SE2d 431) (2005).

[8] Id. at 165 (1).

[9] See *Vansant*, supra (police lacked articulable suspicion although white van stopped

a dearth of information that might otherwise have given rise to articulable suspicion as he did not have a description of the driver,[10] the model or year of the truck,[11] or the direction in which the truck was heading, and did not know whether the vehicle was moving.[12] Under these circumstances, we find the case controlled by the Supreme Court's holding in *Vansant*. It follows that the trial court erred in denying Murray's motion to suppress.[13]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 6, 2006.

*Smith, Welch & Brittain, John P. Webb*, for appellant.

*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

---

approximately one mile from alleged crime scene).

[10] See *State v. Harden*, 267 Ga. App. 381, 382-383 (599 SE2d 329) (2004) (driver of white, Ford van described in BOLO by race, gender, and hat style).

[11] See *McNair*, supra at 872 (officers had articulable suspicion based upon BOLO for "an older model, cream-colored Chevrolet Caprice").

[12] See *Faulkner v. State*, 277 Ga. App. 702, 704 (1) (627 SE2d 423) (2006) (BOLO that provided the color, manufacturer and model of vehicle, the number and race of its occupants, and its location and direction of travel provided basis for stop).

[13] See *Vansant*, supra; *McNeece v. State*, 246 Ga. App. 720, 722-723 (2) (541 SE2d 696) (2000) (officer lacked articulable suspicion to stop white Ford Aerostar van where "[t]here was no evidence that, before stopping the van, the officer observed whether the gender and race of the driver matched the caller's description[, and] [t]here was no evidence that, before stopping the van, the officer observed any illegal, alarming, or suspicious conduct").