## A07A0861. FRANCIS v. THE STATE.
(651 SE2d 779)

BARNES, Chief Judge.

In the second appearance of this case, Ashley Francis appeals her DUI conviction contending that she was denied effective assistance of counsel. In a prior opinion, we affirmed Francis' conviction, but remanded the case for a hearing on the motion for new trial issue of ineffective assistance of counsel. *Francis v. State,* 275 Ga. App. 164 (620 SE2d 431) (2005) (*Francis I*). Subsequently, the trial court denied Francis' motion for new trial, and it is from that order that she appeals. Because we find that Francis has not established ineffective assistance under the standard of *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), we affirm.

> The two-prong test for determining the validity of a claim of ineffective[ness] of counsel provided in *Strickland*[, supra], asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

---

[10] See *Brown,* supra at 850-851.

(Punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Francis claims that trial counsel was ineffective because she failed to request a complete Computer Aided Dispatch ("CAD") report. She argues that the CAD printout that included information about the "be on the lookout dispatch" ("BOLO") contained significantly more information than the CAD report regarding her arrest, which her trial lawyer had requested and obtained. The facts as established in *Francis I* show that

> [t]wo officers in a marked patrol car received a report of a theft at the QuikTrip convenience store on the corner of Five Forks Trickum Road and Dogwood Road. The officers were told to be on the lookout ("BOLO") for a red Ford Mustang, whose passenger, a black male, had reportedly stolen two cases of beer. The officers were on Five Forks Trickum Road at the time. A few seconds later, the officers saw a red Mustang directly in front of the QuikTrip. The Mustang was the only other vehicle on the road.

> Upon seeing the Mustang, the officers made a U-turn to follow the vehicle, which began to speed up before making an immediate left-hand turn onto another road. At that point, the driving officer turned on the patrol car's blue lights. The Mustang then turned into a gas station and sped through its parking lot. The officers pursued the Mustang through the gas station parking lot, a Kroger parking lot, back onto Five Forks Trickum Road, and then back into the Kroger parking lot, where it finally stopped.

> The officers approached the car after it stopped and saw that the passenger was a white male. The senior officer realized that because the passenger did not match the

description given in the BOLO, the Mustang was not the car associated with the reported theft. However, the officer proceeded with the stop because he believed the driver had attempted to flee and elude the patrol car and because the driver had cut through the gas station parking lot and failed to use a turn signal.

When the driver, Francis, asked why she had been stopped, the officer noticed that she had the odor of alcohol on her breath and had slurred speech, and that her face was flushed. The officer asked her to step out of the car to perform a field sobriety test. After the field test, the officer asked Francis to blow into an "Alco-sensor II," which reported the presence of alcohol. Francis, who did not have a driver's license in her possession, told the officer that she was under 21. The officer placed Francis under arrest for driving under the influence, and then read her the implied consent notice for suspects under the age of 21.

*Francis I*, supra, 275 Ga. App. at 164-165.

At the new trial hearing, trial counsel testified that she ordered a "CAD printout of the stop involving [Francis'] car." She further testified that in doing so she would have referenced only the "police case number and probably [the] name of driver." Appellate counsel introduced a different CAD report which included more specific information related to the BOLO, such as that the suspect automobile was a different model Ford Mustang with a different license plate number. The CAD printout also showed that the suspect vehicle was traveling in the opposite direction, and that Francis was stopped 22 minutes after the BOLO was issued rather than a few seconds as was previously indicated during the trial. Trial counsel testified that the BOLO CAD printout would have been extremely helpful "to more effectively cross-examine the arresting officer," and to "impugn his credibility." She further testified that she did not know why she did not obtain the BOLO CAD report and in hindsight she considered her failure to do so a mistake.

Pretermitting whether counsel's failure to obtain both CAD printouts constituted ineffective assistance, we cannot say that there is a reasonable probability that the result of Francis' trial would have been different if counsel had the benefits of both printouts. Regardless of the propriety of an officer's initial basis for the execution of the stop, attempting to flee from such a stop is a separate crime altogether, i.e., fleeing or attempting to elude a police officer. OCGA § 40-6-395 (a). This new criminal act essentially purged the taint of the otherwise allegedly illegal stop. *Eichelberger v. State*, 252 Ga.

App. 801, 803-804 (2) (557 SE2d 439) (2001). Without a showing of prejudice, this claim of error cannot supply the basis for a finding of ineffective assistance of counsel. *Lajara v. State,* supra, 263 Ga. at 441 (3).

Judgment affirmed. *Smith, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 6, 2007.

*Sexton, Key & Hendrix, Joseph S. Key,* for appellant.

*Gerald N. Blaney, Jr., Solicitor-General, Sharon C. Dickson, Assistant Solicitor-General,* for appellee.